IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:07-CR-16-WDO |
| | : | |
| v. | : | VIOLATION: 21 U.S.C. § 846 |
| | : | 21 U.S.C. § 841(a)(1) |
| ANTHONY SEAN WALKER | : | 21 U.S.C. § 841(b)(1)(A)(ii) |
| MICHAEL SHERROD KINSEY | : | 21 U.S.C. § 841(b)(1)(C) |
| MARIO DEVICTOR WILSON | : | 21 U.S.C. § 841(b)(1)(D) |
| ANGEL MARTINEZ | : | 21 U.S.C. § 853 |
| TYRONE MCCORMICK | : | 18 U.S.C. § 2 |
| JASON TERRELL WHITE | : | |
| REGINALD FORD | : | |
| SANTANA GAMBLE | : | |
| LEONARD EARNEST ROYSTER | : | |
| JORGE LUIS REYES | : | |
| ELROY QUINTERO | : | |
| JOGINDER CHEEMA | : | |
| LORENZO JACKSON | : | |
| SAUL FALCON | : | |
| TONY GREGORY HILL | : | |

**THE GRAND JURY CHARGES:**

## COUNT ONE

That between on or about January 1, 2005, and December 30, 2006, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

ANTHONY SEAN WALKER
MICHAEL SHERROD KINSEY
MARIO DEVICTOR WILSON
ANGEL MARTINEZ
TYRONE MCCORMICK
JASON TERRELL WHITE
REGINALD FORD
SANTANA GAMBLE
LEONARD EARNEST ROYSTER
JORGE LUIS REYES
ELROY QUINTERO
JOGINDER CHEEMA
LORENZO JACKSON

**SAUL FALCON**
**TONY GREGORY HILL**

did unlawfully and willfully conspire with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally possess with the intent to distribute a schedule II controlled substance, to-wit: more than five (5) kilograms of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 846, i/c/w Title 21 United State Code, Section 841(a)(1), Section 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2.

### COUNT TWO

That on or about May 4, 2006, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**JASON TERRELL WHITE**

aided and abetted by others both known and unknown to the Grand Jury, did knowingly, unlawfully, willfully and intentionally distribute a schedule II controlled substance, to-wit: a mixture and substance containing cocaine; all in violation of Title 21, United States Code, Section 841(a)(1), Section 841(b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT THREE

That on or about November 14, 2006, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**MARIO DEVICTOR WILSON**
**and**
**ANGEL MARTINEZ**

aided and abetted by each other, and by others both known and unknown to the Grand Jury, did unlawfully, willfully and intentionally distribute a schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of cocaine; all in violation

of Title 21, United States Code, Section 841(a)(1), Section 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FOUR

That on or about December 19, 2006, in the Thomasville Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**JORGE LUIS REYES
and
ELROY QUINTERO**

aided and abetted by each other, and by others both known and unknown to the Grand Jury, did unlawfully, willfully and intentionally possess with the intent to distribute a schedule I controlled substance, to-wit: marijuana; all in violation of Title 21, United States Code, Section 841(a)(1), Section 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT FIVE
### (21 U.S.C. § 853 – Criminal Forfeiture)

1.   The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

2.   As a result of commission of the aforesaid violations of Title 21, United States Code, Sections 841(a)(1) and 846, which are punishable by imprisonment for more than one (1) year, the defendants,

**ANTHONY SEAN WALKER
and
LEONARD EARNEST ROYSTER**

shall forfeit to the United States all of their interest in any and all property constituting and derived from any proceeds the defendants obtained, directly and indirectly as a result of such violations and any and all property, real or personal, used or intended to be used in any manner or part to commit and to facilitate the commission of the aforesaid violations including, but not limited to the following:

**CURRENCY**

a) $76,199.00 in United States currency seized from Leonard Royster's residence located at 3101 3rd Avenue, Tifton, Georgia, 31794, during the execution of a federal search warrant.

b) $12,271.00 in United States coins seized from Leonard Royster's residence located at 3101 3rd Avenue, Tifton, Georgia, 31794, during the execution of a federal search warrant.

c) $13,159.00 in United States currency seized from Anthony Walker's residence located at 515 Coy Cox Road, Omega, Georgia, 31775, during the execution of a federal search warrant.

**BANK ACCOUNTS**

a) All United States currency funds or other monetary instruments credited to account number 0000060038 in the name of Leonard E. & Diane Royster D/B/A L&R Trucking, located at Ameris Bank, 735 W. 2nd Street, Post Office Box 249, Tifton, Georgia 31793-0249.

b) All United States currency funds or other monetary instruments credited to account number 003276261296 in the name of Anthony Walker, located at Bank of America, Post Office Box 25118, Tampa, Florida 33622.

**CERTIFICATES OF DEPOSIT**

    a)    All United States currency funds or other monetary instruments credited to account number 0911004047 in the name of Leonard E. Royster, located at Ameris Bank, 735 W. 2nd Street, Post Office Box 249, Tifton, Georgia 31793-0249.

**REAL PROPERTY**

    a)    the property located at 303 College Street, Tifton, Tift County, Georgia, more particularly described as:

> Lot 24 in Block B of the Willis-Touchstone Subdivision, said lot facing south 60 feet on College Street and running back of even width 150 feet on Highland Avenue to Lot 19 and bounded on the east by Lot No. 25 in said Block B, according to the map and plat recorded in the Office of the Clerk of Tift Superior Court.

    b)    the property located at 3101 3rd Avenue, Tifton, Tift County, Georgia, more particularly described as:

> All that tract or parcel of land lying and being in the County of Tift, said state, Georgia, and being all of lots Nos. 12 and 13 in Block No. 10 of the Carver Park Subdivision, a suburb of the City of Tifton, Georgia and being a part of original Lot of Land No. 336 in the Sixth Land District of Tift County, Georgia. Each of said lots fronting West 50 feet on Carver Avenue and extending back East of even width 100 feet to an alley; according to survey and plat made by M.R. Lindsey, Surveyor, March 5, 1946 as appears of record in Plat Book 1, Page 217, of records in the office of the Clerk, Superior Court, Tift County, Georgia.
>
> This property is sold with the restriction that no building shall be erected on said property that has less than 676 square feet of floor space, exclusive of porches.
>
> *Only a ½ interest is conveyed herewith.

    c)    the property located at 0 & 36 Pecan Street, Tifton, Tift County, Georgia, more particularly described as:

**Tract 1:**

That certain lot describe in the Wilson Subdivision recorded in Plat Book 3, Page 289 as Lot No. 1 in Block "B" and more particularly described as follows: BEGIN at a point where the South boundary line of Pecan Street intersects with the West boundary line of king Street, formerly known as New Avenue, and run thence South 15 degrees East a distance of 119 feet to an alley; thence Westerly long the North boundary line of said alley a distance of 50 feet; thence North 15 degrees West a distance of 119 feet to the South boundary line of Pecan Street; thence along the South boundary line of Pecan Street 50 feet to the point of beginning.

**Tract 2:**

All that tract or parcel of land lying and being in the County of Tift, State of Georgia, and being part of Land Lot No. 336 of the 6th Land District, said State and County and being more particularly described as follows: All of Lot No. 2 of Block "B" of the Wilson Subdivision, as describe by a plat of said subdivision recorded in Plat Book 3, Page 289 in Office of the Clerk of the Superior court of Tift County, Georgia; said plat being incorporated into this description by reference thereto.

**Tract 3:**

All that tract of parcel of land lying and being in the County of Tift, State of Georgia, and being part of Land Lot No. 336 of the 6th Land District, said State and County and being more particularly described as follows: All of Lot No. 3 of Block "B" of the Wilson Subdivision, as describe by a plat of said subdivision recorded in Plat Book 3, Page 289 in Office of the Clerk of the Superior court of Tift County, Georgia; said plat being incorporated into this description by reference thereto.

d) the property located at 2110 College Street, Tifton, Tift County, Georgia, more particularly described as:

All that tract of land located in Land Lot 337 in the Sixth Land District, City of Tifton, Tift County Georgia, more particularly described as follows: BEGIN at the intersection of the west boundary of South College Avenue with the north boundary of 23rd Street and run thence south 86 degrees 30

>minutes west along the north boundary of 23rd Street 200 feet to a point and corner, run thence north 2 degrees west 70 feet to a point and corner; run thence north 86 degrees 30 minutes east 200 feet to a point and corner on the west boundary of South College Avenue; run thence south 2 degrees east along the west boundary of South College Avenue 70 feet to the point and place of beginning. Said tract is shown by plat and survey made by M.R. Lindsey, dated September 5, 1960.
>
>This is the same property deeded from Leona Mott to Gloria Nichols in Deed Book 591, Page 530 in the Office of the Clerk of Tift Superior Court and from Johnny Mae Brannon, by sole heirs at law to Betty Brown Newkirk in Deed Book 647, Page 191 in the Office of the Clerk of Tift Superior Court. Each of the conveyances listed above having transferred a one-half (1/2) undivided interest in the property described herein to Betty Brown Newkirk and Gloria Nichols, grantors herein.

e) the property located at 515 Coy Cox Road, Omega, Colquitt County, Georgia, more particularly described as:

>All that certain tract or parcel of land lying and being in Land Lot 19 of the 9th Land District of Colquitt County, Georgia, and being more particularly described as **Lot 6 (containing 1.14 acres), Dianne Subdivision (Phase II)**, and is more particularly described according to that plat of survey entitled "Plat of Survey for Dianne Subdivision (Phase II)" prepared by Land Surveyors, Inc., of Moultrie, Georgia, on August 6, 2003, said plat being recorded in Plat Book 37, Page 99A, in the office of the Clerk of Colquitt Superior Court and being by reference incorporated herein.

f) the property located at 216 Hill Crest Avenue, Moultrie, Colquitt County, Georgia, more particularly described as:

>Lot A-4 of the Southern Terrace Annex in the City of Moultrie, Colquitt County, Georgia, according to a plat thereof recorded in Plat Book 1, Page 180, Colquitt County Records, said lot facing North on East Boulevard a distance of 75 feet and running back South of uniform width a distance of 192 feet; said lot being more particularly described as follows; BEGINNING at a stake at a point on the South margin of East Boulevard 186.5 feet East of

    the intersection of the South margin of the East Boulevard with the East margin of Southeast Second Street, thence run East along the South margin of East Boulevard 75 feet to a stake, thence South 192 feet to a stake on the South original land lot line of Land Lot No. 291 in the 8th Land District of Colquitt County, Georgia, thence West along said land lot line 75 feet to a stake, thence North 192 feet to starting point, said lot being bounded on the North by East Boulevard, on the East by Lot A-5 of Southern Terrace Annex, on the South by lands of Trinity Baptist Church and on the West by Lot A-3 of Southern Terrace Annex.

    g)    the property located at 217 3rd Street, Moultrie Colquitt County, Georgia, more particularly described as:

    A lot in the City of Moultrie, Georgia, located on the East side of Third Street, S. W., being the South 60 feet of Lot No. 14 in City Block 95 as shown on a plat recorded in Plat Book 1, Page 97, Colquitt County records, said lot fronting West on Third Street, S.W., a distance of 60 feet and running back East of uniform width a distance of 90 feet, more or les; being bound on the North by lands formerly of Campbell, East by lands formerly of Barber, South by lands formerly of Sampson and West by Third Street, S.W.

3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a)    cannot be located upon the exercise of due diligence;

    b)    has been transferred, sold to or deposited with, a third person;

    c)    has been placed beyond the jurisdiction of the court;

    d)    has been substantially diminished in value; or

    e)    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the above forfeitable property.

All as provided in Title 21, United States Code, Section 853.

A TRUE BILL.

_____
S/FOREPERSON OF THE GRAND JURY

PRESENTED BY:

_____
CHARLES L. CALHOUN
ASSISTANT UNITED STATES ATTORNEY

*Filed in open court this* __15th__ *day of* __March__ A.D. 20 __07__

_____ Dep. Clerk