## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 5:07-CR-16-WDO** | |
| | * | | |
| Vs. | * | **VIOLATION:** | **21 U. S. C. 846** |
| | * | | **21 U. S. C. 841(a)(1)** |
| **SAUL FALCON, ET AL** | * | | **21 U. S. C. 841(b)(1)(A)(ii)** |
| Defendant | * | | **21 U. S. C. 841(b)(1)(C)** |
| | * | | **21 U. S. C. 841(b)(1)(D)** |
| | * | | **21 U. S. C. 853** |
| | * | | **18 U. S. C. 2** |

## MOTION FOR DISCOVERY AND INSPECTION
## and MEMORANDUM OF LAW

COMES NOW the Defendant, Saul Falcon, in the above captioned case, by and through his counsel, and without waiving any rights moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure for an Order directing the attorney for the Government to furnish him with the following material and information:

NOTE A. For the purposes of this demand the designation of "Government" shall include the U. S. Drug Enforcement Agency, U. S. Customs Service, Federal Bureau of Investigation, Bureau of Alcohol, Tobacco and Firearms, Georgia Bureau of Investigation, Tiftl County Sheriff's Office, Georgia State Patrol, and all other Federal and State investigative agencies, sheriff or police departments.

NOTE B. For the purpose of this demand each request herein shall include all matters, documents, records, objects, or information, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become know, to the attorney for the Government.

NOTE C. This demand should also include materials in the possession, custody, or control of any agency that participated in this investigation and includes out-of-district documents to which the attorney for the Government has access to.

1. Written or recorded statements or any memoranda or writings pertaining to any oral statements made by the Defendant, or any unindicted or unnamed co-conspirators, or copies thereof within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known by the attorney for the Government.

2. All material or information within the purview of Fed. R. Crim. P. 16 and 26.2, specifically including all tape recordings involving the Defendants.

3. The substance of any oral statements made by an unindicted or unnamed co-conspirator before or after his arrest in response to interrogation by persons then known to be

Government representatives or agents thereof which the Government intends to offer in evidence at trial.

4. Recorded grand jury testimony of any indicted, unindicted or unnamed co-conspirator relating to the offenses charged.

5. Any logs, tapes, transcripts, notes or memoranda of any conversations overheard or recorded by the use of any electronic devise or telephone extension from which any evidence in this case may derive. Based upon information and belief of counsel for the Defendant, this paragraph <u>specifically requests</u> tapes, transcriptions, or notes of any conversation with Defendant, unindicted co-conspirators, or prospective witnesses in this case, recorded, clandestinely or otherwise, by any investigative or prosecutive agent of the Government.

6. Any books, papers, documents, photographs, tangible objects, or copies or portions thereof relating to this case, which are within the possession, custody or control of the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in the case in chief, or were obtained from or belonged to the Defendant.

7. Any results or reports of physical or mental examinations, and of scientific tests or experiments, within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial.

8. A copy of Defendant, Saul Falcon's prior record, if any.

9. All statements by the Defendant to third parties, including investigative agents whose identities were then unknown to the Defendant. Defendant specifically requests disclosure of the circumstance surrounding statements made by the Defendant to third parties.

10. Whether informants, special employees, or special investigators were used in the investigation of this case, and if so, identify them.

11. The identify of all unindicted co-conspirators, aiders or abettors or principals.

12. A copy of all original notes and memoranda (whether handwritten or otherwise) that may have been made by any investigative agent in this case, including any person who may have been acting in an informer or undercover capacity. If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

13. Disclose whether any evidence, physical or otherwise, has been destroyed. If so, provide the details requested in No. 12.

14. Disclose whether any Government agent, informer, or anyone else at the direction or behest of the Government, has talked with or communicated with the Defendant since the return of the indictment in this case. If so, identify such individual(s) and the surrounding circumstances.

15. Disclose whether there has been any post-indictment monitoring, eavesdropping, or overhearing of the Defendant's conversation with either their attorneys or concerning the facts of this case. If so, provide details.

16. Disclose whether the Government knows or has any reason to believe a material witness will be unavailable for trial.

PLEASE TAKE NOTICE that:

(A) The materials enumerated in this motion shall be produced for examination as provided for in Rule 16 of the Federal Rules of Procedure;

(B) Upon failure to comply with the terms of this demand, Defendant will move for an order compelling compliance and/or an order prohibiting the Government from introducing the undisclosed evidence at the trial;

( C) If, prior to or during trial, the Government discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, the Government shall promptly notify the attorney for Defendant of the existence of this additional evidence or material.

## **MEMORANDUM OF LAW**

In the present Motion, the Defendant seeks the discovery of information, documents, and like materials which the Government has an affirmative duty to disclose upon request pursuant to Rule 16 and Rule 16 (a) (1) ( C) and (D) of the Federal Rules of Criminal Procedure. Furthermore, the instant Motion seeks discovery of items which deal with unindicted or unnamed co-conspirators, and which items are not specifically covered by any prior Motions filed in this cause, but which are within the purview of Rule 16 of the Federal Rules of Criminal Procedure regarding discovery.

Under Rule 16 (a) (1) ( C) "the government" includes both "the prosecutor and closely connected investigative agencies" U. S. V. Trevino, 556 F. 2d 1265, 1272 (5th Cir. 1977).

This motion seeks discovery materials from outside the district where the Defendant is

being tried. A federal prosecutor's obligation to turn over discovery materials to a Defendant does not stop at the border of the district where the Defendant is being tried. Instead, a Defendant's discovery request pursuant to Fed. R. Crim. P. 16(a) (1) ( C) can reach extra-district materials in the possession, custody or control of any agency that participated in the investigation underlying the charges. The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the Defendant. U. S. v. Bryan, (9th Cir. 1989) No. 887-3059.

This motion seeks all statements of alleged co-conspirators, indicted or otherwise. United States v. Thevis, 84 F. R. D. at 56-57; United States v. Agnello, 367 F. Supp. 444 (E. D. N. Y. 1973); United States v. Turkish, 458 F. Supp. 874, 882 (S. D. N. Y. 1978); see Jackson, 757 F.2d at 1491(nontestifying co-conspirator).

With regard to paragraphs 1 through 5 of the attached Motion, it is submitted that rule 16 (a) (1) ( C) embraces this discovery, since such items "are material to the preparation of the defense and/or are intended for use by the government as evidence in chief at trial.": United States v. McMillan, 489 F.2d 229, 231 (7th Cir. 1972); United States v. Fine, 413 F. Supp. 740, 743 (E. D. Wis. 1976). Of course, the underlying basis of Rule 16 (a) (1) ( C) is Brady v. Maryland, 373 U. S. 83 (1963). In Brady the Court held that "due process" requires the prosecution to disclose evidence favorable to the accused. Brady v. Maryland. supra, and Rule 16 requires disclosure of documents and tangible objects which are "material" to the preparation of the defense. Furthermore, Rule 16 also compels disclosure if the Government intends to use the property as evidence at trial or if the property was obtained from or belongs to the Defendant.

A reading of the Notes of Advisory Committee on Rules appended to the Federal Rules of Criminal Procedure reveals that the Defendant need make no particularized showing of materiality in order to place the burden on the Government to produce the aforementioned information, documents, test reports or examinations.  Likewise, Rule 16 (a) (1) (D) makes disclosure of the reports of examinations and tests by the Government mandatory.  Under Brady, supra, said reports are discoverable if favorable to the defense.  Under Rule 16 (a) (1) (D) said test reports are discoverable if the Government intends to use such test reports in its case in chief.

Brady, supra, is not a rule of discovery, but is a rule of fairness and minimum prosecutorial obligation.  United States v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978).  The investigative officers are just as much a part of the prosecution as the prosecutor's office and the taint on the trial is no less if the investigative officers, rather than the prosecutor, do not disclose the requested evidence.  United States v. Deutsch, 475 F.2d 55 (5th Cir. 1973).

The Defendant is entitled to all material or information within the purview of F. R. Crim. P.16 and 26.2, specifically including all tape recordings involving the Defendants. See, United States v. James, 495 F.2d 434 (5th Cir. 1974); United States v. Caldwell, 543 F.2d 1333, 1351-53 (D. C. Cir.1975); United States v. Layton, 564 F. Supp. 1391 (D. Oregon 1983).

The Government has a duty under Rule 16 to provide upon request by the Defendant the substance of any oral statement made by the Defendant and this duty extends to the Defendant's responses to Miranda warnings preceding the statement.  United States v. McElroy, 697 F.2d 459 (2nd Cir. 1982).

The Defendant should be furnished with all statements made by the Defendant to third

parties, including investigative agents whose identities were then unknown to the Defendant. United States v. Caldwell, 543 F2d 1333, 1352-53 (D. C. Cir. 1975); United States v. Thevis, 84 F. R. D. 47, 55-56 (N. D. Ga. 1979); United States v. Narcisco, 446 F. Supp. 252, 265-67 (E. D. Mich. 1977); United States v. Brighton Building and Maintenance Co., 446 F. Supp. 222 (N. D. Ill. 1977); United States v. Percevault, 490 F.2d 126, 129-30 (2nd Cir. 1974). There are compelling reasons for requiring the disclosure of such statements. Their production eliminates the element of unfair surprise, enables the Defendant to recall the details of such statements or even the fact of making them, and promotes fundamental fairness by granting the accused equal access to their own words, no matter how the Government came by them.

The circumstances surrounding statements made by the Defendant to third parties should be disclosed by the Government to the Defendant. United States v. Narcisco, supra; United States v. Brighton Building and Maintenance Co., supra. In both cases, the Government was ordered to provide the Defendant with the following: the fact of such statement; whether a recordation of such statement exists in any form whatsoever; the name and address of the person to whom the statement was made; and the date on which and the place where the statement was made.

If the Government has used informants, special employees, or special investigators in the investigation of this case the Government should disclose this information to the Defendant, and, if so, identify them. Roviaro v. United States, 353 U. S. 52 (1957); United States v. Balistrieri, 346 F. Supp. 336, 338 (E. D. Wis. 1972).

The Government has a duty to disclose the identify of all unindicted co-conspirators, aiders, abettors or principals. United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir. 1979); United States v. Thevis, 474 F. Supp. 117, 125 (N. D. Ga. 1979); United States v. Hubbard, 474 F. Supp. 64, 81 (D. D. C. 1979); United States v. Mannino, 480 F. Supp. 1182 (S. D. N. Y. 1979).

The Government should disclose whether any Government agent, informer, or anyone else at the direction or behest of the Government, has talked with or communicated with the Defendant since the return of the indictment in this case, and, if so, identify such individuals and the surround circumstances. See, United States v. Henry, 447 U. S. 246 (1980).

If the Government knows or has any reason to believe that a material witness will be unavailable for trial the Government should disclose this information to the Defendant. See, United States v. Mendez-Rodriquez, 450 F.2d 1 (9th Cir. 1971).

Not only is it clear that the Defendant is entitled to discovery of the requested items under Rule 16 and the applicable law, but the refusal of the Government to provide such disclosure can have no real basis. We note that our request in the present Motion does not go to statements of Government witnesses which may be protected from pre-trial disclosure pursuant to Rule 16 (a)(2) and the Jencks Act, 18 U. S. C. Section 3500.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order pursuant to Rule 16 and Rule 16 (a) (1) ( C) and (D) of the Federal Rules of Criminal Procedure directing the Government to permit undersigned counsel to inspect and copy or photograph the aforementioned material or to furnish the Defendant with said material and information.

RESPECTFULLY SUBMITTED,

s/Jerome Adams
Georgia State Bar Number: 002575
Jerome Adams
Attorney at Law
P. O. Box 1005
Douglas, GA 3l534-1005
Telephone: (912)384-7109
Fax: (912)384-7951
E-mail: jadamslaw@alltel.net

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 5:07-CR-16-WDO** | |
| | * | | |
| Vs. | * | VIOLATION: | 21 U. S. C. 846 |
| | * | | 21 U. S. C. 841(a)(1) |
| **SAUL FALCON, ET AL** | * | | 21 U. S. C. 841(b)(1)(A)(ii) |
| Defendant | * | | 21 U. S. C. 841(b)(1)(C) |
| | * | | 21 U. S. C. 841(b)(1)(D) |
| | * | | 21 U. S. C. 853 |
| | * | | 18 U. S. C. 2 |

**CERTIFICATE OF SERVICE**

I, Jerome Adams, hereby certify that on April 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Charles L. Calhoun, Assistant United States Attorney.

        Respectfully submitted,
        s/Jerome Adams
        Georgia State Bar Number: 002575
        Jerome Adams
        Attorney at Law
        P. O. Box 1005
        Douglas, GA 3l534-1005
        Telephone: (912)384-7109
        Fax: (912)384-7951
        E-mail: jadamslaw@alltel.net

END OF DOCUMENT