# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **United States of America,** | **:** | |
| | **:** | |
| | **:** | |
| | **:** | **5:07-CR-16-006** |
| | **:** | |
| **v.** | **:** | |
| **Jason Terrell White,** | **:** | |
| | **:** | |
| Defendant. | | |

_____

## CONSOLIDATED MOTION FOR DISCOVERY

A. **MOTION FOR A LIST OF GOVERNMENT WITNESSES AND AUTHORITY THEREFOR**

Comes now Defendant, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, Veronica Brinson, and moves this Court for an entry of an order directing the Government to furnish him with a list of witnesses it intends to call at trial.

## AUTHORITY

The general discretion of the Federal District Court to compel the government to identify its witnesses is widely acknowledged. See, United States v. Campagnuolo, 592 F.2d 852, 843 (5th Cir.,1979). ("[I]t is within the sound discretion of the district judge to make any discovery order that is not barred by any higher authority...[A discovery order] is not invalid because it is broader in scope that the Brady requirement."); Downing v. United States, 348 F.2d 594 (5th Cir., 1975). Indeed, the more

enlightened procedure calls for the pre-trial disclosure not only a witness, but their statement.

See, **ABA Standards, Discovery and Procedure Before Trial**, Sec. 2.1(a)(i)(1970).

2

Pre-Trial identification of the government's witnesses will afford Defendant the opportunity to interview them in order to fully prepare his defense. The tremendous value of these interviews was fully recognized by the former Fifth Circuit in <u>United States v. Opager</u>, 589 F.2d 799, 804 (1970):

> The importance to litigants of interviewing potential witnesses is undeniable. In particular, in criminal cases, where the defendant's very liberty is at stake, such interviews are especially crucial. Thus, it is that one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation.

Wherefore, Defendant prays that this Court order the government to produce a list of witnesses it intends to call at trial.

B. <u>**MOTION AND AUTHORITY FOR ACCESS TO PROSPECTIVE GOVERNMENT WITNESSES**</u>

Comes now the Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, and moves this Honorable Court to grant his access to prospective Government and other witnesses for interview purposes and as grounds therefore states as follows:

In preparation for trial in this case it is essential for Defendant's counsel to interview

witnesses whose locations and identities are at this time unknown to the Defendant. In any of these circumstances, they are under the control of the Government.

3

Defendant has an absolute right to access prospective Government witnesses and other

witnesses who are essential to the preparation of his defense. United States v. Rice, 550 F.2d 1364,1374 (5th Cir., 1977); United States v. Brown, 555 F.2d 407 (5th Cir., 1977); United States v. Murray, 492 F2d 178, 194, (9th Cir., 1973). In fact, counsel has a "duty to interview prospective witnesses and prepare questions for trial." United States v. Alvarez, 580 F2d 1251, 1257 (5th Cir., 1978). United States v. Walton, 602 F.2d 1176, 1179-1180 (4th Cir., 1979). Concomitantly, of course, a witness has the right to

refuse to be interviewed or to dictate the circumstances under which he or she will submit to an interview. <u>United States v. Dryen</u>, 423 F.2d1175 (5th Cir. 1970).Wherefore, Defendant moves that this instant motion be granted.

C. **MOTION FOR EXCLUSION OF INVOLUNTARY ADMISSIONS AND CONFESSIONS**

Comes now the Defendant named above, and moves the Court to suppress and exclude from evidence in the trial of this case any comments or purported confessions that the defendant may have made at the time of his arrest and subsequent incarceration. As grounds for his motion, the defendant shows that such statement or confessions were made without the defendant first being informed of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant further requests a hearing pursuant to <u>Jackson v. Denno</u>, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).Wherefore, the Defendant prays that his motion be granted.

D. **MOTION FOR COPY OF DEFENDANT'S PRIOR CRIMINAL RECORD**

Please take notice that the Defendant in the above-entitled case, hereby requests that you furnish to defendant a copy of his prior criminal record, if any, which is within your possession, custody, or control, and the

existence of which is either known to your or, by the exercise of

due diligence, may become known to you.

E. **MOTION FOR DEFENDANT'S STATEMENTS**

You are hereby requested to permit the above-captioned

Defendant to inspect and copy or

photograph the following:

1. The written confessions, admissions and/or statements of the

Defendant,

given to the Assistant United States Attorney and other law

enforcement officers, after the Defendant's arrest.

2. Any and all other confessions, admissions and/or statements

made by

Defendant to government agents, at any time or place, which

have been reduced to writing.

3. Any and all other confessions, admissions, and/or statements

made by

the Defendant to government agents, at any time or place,

whether or not the same have been reduced to writing.

4. Any and all confessions, admissions and/or statements made

by any codefendant,

or other person, to the Assistant United States Attorney or other

law enforcement agents,

at any time or place, which incriminate or exculpate the

defendant, whether or not the same have been reduce to writing.

Defendant further requests that you specify the time, place and

manner in which the foregoing will be made available for his

inspection and copying or photographing.

F. **MOTION FOR DISCOVERY AND INSPECTION OF ALL DOCUMENTS AND TANGIBLE OBJECTS TAKEN FROM DEFENDANT AT TIME OF ARREST**

Please take notice that the above-named Defendant in the above-

entitled case, hereby

requests, pursuant to Rule 16(a) (1) (C) of the Federal Rules of

Criminal Procedure, to inspect and make copies of any and all

documents, papers, envelopes, and any and all other things taken

from the possession of the defendant, from his residence, or in

his presence at the time of his arrest.

G. **MOTION FOR DISCLOSURE OF ANY PROMISES, AGREEMENTS, OR UNDERSTANDINGS BETWEEN THE GOVERNMENT AND ANY GOVERNMENT WITNESS**

Please take notice that the above-named Defendant in the

above-entitled case, hereby requests that you disclose to him,

within a reasonable time prior to trial, the existence and the

substance of any promises of immunity, leniency or preferential

treatment offered to any Government witness.

H. **DEFENDANT'S REQUEST OF DISCLOSURE OF ALL SENTENCING GUIDELINE INFORMATION**

Comes now the Defendant in the above-styled criminal action, by and through his undersigned counsel, and requests pursuant to Fed. R. Crim. P. 8, 11, 14 and 16 and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Government to disclose prior to trial the following sentencing guideline information:

1. The offense guideline or guidelines the Government presently contends is applicable to the charges against the Defendant.

2. The base offense level the Government presently contends is applicable to the charges against Defendant, including, a showing of the method by which the Government contends the charges should or should not be grouped.

3. Any aggravating specific offense characteristic the Government presently believes should be applicable to the charges against Defendant.

4. Any Chapter Three "adjustments' regarding victim, role, obstruction or acceptance of responsibility which the Government presently believes are applicable to the case.

5. Whether the Government intends to take a position that the "criminal

livelihood" provisions of 4B1.3 apply to Defendant.

6. This Defendant's prior criminal record, including all

judgments conviction

and sentences imposed thereon.

7. The grounds, if any, upon which the Government may argue

for an upward departure

from the applicable guideline range.

8. The existence of any facts, information or other evidence that

could give

rise to an argument for a downward departure from the

applicable guideline range, including, but not limited to the

provisions of 4A1.3, 5H and 5K.

i. Production of the Requested Information is Required by the

Sixth Amendment and is Necessary in Order to Render the

Effective Assistance of Counsel.

Early disclosure of Sentencing Guideline information is essential

to secure the Defendant's right to effective assistance of counsel

under the Sixth Amendment. Defense counsel cannot provide

effective assistance ignorant of existing and readily accessible

information that materially affects assessment of the options

available to a client and the likely consequences that would flow

from each option.

Counsel has a Sixth Amendment duty to apprised the Defendant of the likely range of

punishment in this case where such a duty has been executed improperly, courts have not been reluctant to castigate the lawyer. See, Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir., 1986) (attorney's gross mischaracterization of range of sentences constitutes deficient representation); United States v. Rumery, 698 F.2d 764, 766 (5th Cir., 1983)(counsel's overestimate of Defendant's exposure constitutes deficient representation); United States v. Byrd, 669 F. Supp. 861, 866 (N.D. Ill., 1987) counsel's inaccurate sentencing predications held "objectively unreasonable" under Strickland test); cf. Hill v. Lockhard, (474 U.S., 52 (1985) (attorney's failure to inform client of relevant sentencing information can constitute ineffective assistance) (White, J., concurring).

The Sentencing Guidelines do affect the nature of counsel's obligation. The guidelines are mandatory in nature, 18 U.S.C. Section 3553(b), and "bind judges and courts in the exercise of their uncontested responsibility to pass sentence in criminal defendants are to receive." Id. at 676 (Scalia, J., dissenting). The new procedures of the Sentencing Reform Act and the Sentencing Guidelines severely restrict the availability of probation and in fact require the imposition of minimum terms of

imprisonment unless the Court finds the existence of a mitigating

circumstance, "of a kind, or to be degree" not adequately

considered by the Commission in determining the guidelines. A decision

to depart from the applicable guideline range subject to appellate

review. No longer does knowledge of and experience with a

particular judge's sentencing patterns or particular prosecution

policies supply counsel with the tools necessary to advise a client

intelligently on the sentencing advantages of pleading guilty.

Familiarity with the Guidelines manual does not provide the

crucial information counsel needs, for much of the application

procedures is guesswork, absent information in the possession of

the Government.

ii. The Government must Disclose Favorable Sentencing

Information

<u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny require

the Government to disclose all favorable evidence that is material

either to "guilt or punishment". Id. at 87 (emphasis added).

Sentencing Guideline information often will include favorable

factors that mitigate the Defendant's exposure to prison. These

factors include, but are not limited to the following:

1. Whether the Defendant has accepted responsibility for his

offense;

2. Whether the Defendant has provided "substantial assistance"

to the

authorities;

3. Whether the Defendant was a minor or minimal participant in

the offense

activity;

4. Whether the victim contributed to provoking the offense

behavior;

5. Whether the Defendant acted under duress or coercion not

rising to a

complete defense; and

6. Whether the Defendant suffered from diminished capacity at

the time of the offense.

All Brady material relevant to the Sentencing Guideline factors is

requested.

I. **MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND AUTHORITY THEREFORE AND RESERVATION OF RIGHT TO MOVE TO SUPPRESS**

Comes now Defendant named above, the presumptively innocent

accused citizen in the

above-styled criminal action, by and through his undersigned

attorney of record, and moves the Court pursuant to Rule 12, the

4th Amendment to the United States Constitution, and Brady v.

Maryland, 373 U.S. 83 (1968) and its progeny for entry of an

order directing the government to specify all evidence which is arguably subject to a motion to suppress and which it intends to use at trial. This request includes, but is not limited to, a demand for production of any search warrant and

related affidavit used to procure, or attempt to procure, evidence related to Defendant or the subject indictment.

## **AUTHORITY**

Under Rule 12 motions to suppress evidence must be raised prior to trial if it is possible to do so. In order to expedite the preparation for trial and to avoid unnecessary interruptions during trial to hear suppression issues, a means is not provided under Rule 12 for early notice and pre-trial litigation of such questions. That is the purpose of the motion made here calling upon the government to advise the Defendant of any specific evidence which is arguable subject to a motion to suppress and which it intends to use at trial. By such disclosure, the defendant is altered to the necessity if it exists, of making a motion to suppress. The motion requests notice of evidence "arguably" subject to suppression. This is as it should be. If any argument properly can be made, counsel is entitled to the opportunity to make it.

Certainly, the attorneys for the government should not sit as judges and decide which issues will be exposed to the adversary

process and which will be hidden from it. Indeed, the government conceded as much as in Alderman v. United States, 394 U.S. 165, 181 (1969), where it agreed that surveillance records "arguably relevant" records should be turned over directly to defense counsel. 394 U.S. at 182, 184, n. 15.

This motion expressly requests any and all such warrants and affidavits related which were obtained by any sovereign and directed in whole or in part at Defendant or any place in which Defendant has a reasonable expectation of privacy. Defendant also expressly reserves the right to move to suppress any evidence obtained pursuant to any warrant.

There is no reason to permit a "trial by ambush." See, United States v. Kelley, 420 F.2d 26, 29 (2nd Cir., 1969). The motion is manifestly in the interest of judicial economy, is necessary to safeguard Defendant's constitutional rights, and therefore, should be granted.

## J. **MOTION FOR DISCLOSURE OF BRADY MATERIALS INCLUDING CRIMINAL RECORDS OF GOVERNMENT**

Comes now the Defendant, by and through Defendant's counsel of record, and pursuant to Federal Law and the Constitution of the United States, and requests the Government to reveal and moves the Court to order the Government to reveal and all material exculpatory in nature or arguable exculpatory in nature,

in accord with the requirements of Brady v. Maryland, 373 U.S.

83 (1963).

Defendant further requests an *in camera* inspection of the

Government's file to make an independent determination of the

existence of such material. Defendant further requests that the

criminal records of the Government's witnesses by

disclosed under Brady.

K. **MOTION FOR DISCLOSURE OF IDENTITY OF EXPERTS**

Comes now Defendant, the presumptively innocent accused

citizen in the above-styled

criminal action, by and through his undersigned counsel of

record, and moves this Honorable Court to grant his **MOTION FOR**

**DISCLOSURE OF IDENTITY OF EXPERTS** and therefore showing the

following:

The identity of the expert is no less important than the

identification of the tests and

procedures utilized. The qualifications to perform a test that the

individual expert asserts go hand and hand with the test. The

identity, the qualifications of the person identified, and the

opportunity to interview, are significant elements of the

Confrontation Clause of the United States Constitution.

**Wherefore, Defendant requests:**

1. The name, address, current telephone number and

qualifications of any

expert witness intended to be called by the Government in the

trial of this case.

2. Any and all expert analyses and conclusions concerning any

scientific

reports, records, papers, or documents seized or obtained by the

Government in connection with its investigation of this case.

**L. MOTION FOR DISCLOSURE OF INTENT TO USE RULE 16 EVIDENCE OR EVIDENCE SUBJECT TO A MOTION TO SUPPRESS**

Please take notice that the above-captioned Defendant hereby

requests that you notify him pursuant to Rule 12 (d) (2) of the

Federal Rules of Criminal Procedure of your intent to use any

evidence which defendant may be entitled to discover under Rule

16. Further, the Defendant requests that you advise of any

evidence or statements which may be subject to a Motion to

Suppress.

**M. MOTION (WITH SUPPORTING BRIEF) FOR DISCOVERY AND**

**INSPECTION**

Comes Now, the Defendant above-named, by and through his

undersigned counsel, and

respectfully moves this Court pursuant to Rule 16 of the Federal

Rules of Criminal Procedure, the due process clauses of the Fifth

and Fourteenth Amendments to the Constitution of the United

States, and Brady v. Maryland, 373 U.S. 83 (1963), to order the

Government to produce for inspection and copying the following

which are known to or are in the possession of the government or

any of its agents or which through due diligence would become

known from the investigating officers, or witnesses or persons

having knowledge of this case.

**1. NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT: AND ALL "OTHER CRIMES" OR UNCHARGED MISCONDUCT WHICH THE GOVERNMENT INTENDS TO OFFER EITHER IN ITS CASE-IN CHIEF OR IN REBUTTAL WHICH MAY BE OBJECTIONABLE EITHER UNDER RULE 403 OR 404 OF THE FEDERAL RULES OF EVIDENCE.**

This defendant will move *in limine* for an order directing the U.S.

Attorney or his agents to avoid any reference whatsoever before

the jury to "other crimes" or uncharged misconduct by the

defendant prior to a ruling from this Court. The Court should

order the Government to disclose same prior to trial so that the

Defendant may review such proposed evidence and present

argument

thereon, prior to this Court's ruling.

**2. "CATCH-ALL" HEARSAY EXCEPTIONS: THE SUBSTANCE OF ANY HEARSAY STATEMENTS THE GOVERNMENT INTENDS TO OFFER UNDER RULES 803(24) OR 804(B) (5) OF THE FEDERAL RULES OF EVIDENCE.**

Defendant intends to object to the proffer of hearsay testimony

offered at trial and intends

to move to suppress such testimony at a hearing under Rule

104(a) of the Federal Rules of Evidence. Where the Government

seeks to offer such hearsay testimony under the catch-all "other

exceptions" of Rules 803 (24) and 804(b) (5) these Rules

expressly require notice of same prior to trial. "A statement may

not be admitted under this exception unless the proponent of it

makes known to the adverse party SUFFICIENTLY IN

ADVANCE OF THE TRIAL OR HEARING to provide the

adverse party with a fair opportunity to prepare to meet it, his

intention to offer the statement and the particulars of it, including

the name and address of the declarant." (emphasis added). Rules

803(24); 804(b) (5), Federal Rules of Evidence. Therefore,

pursuant to the advance notice require of such rules, the

Government is required to disclose the substance of any such

statements it intends to offer and Defendant hereby makes

demand for same.

### 3. CO-CONSPIRATOR'S HEARSAY EXCEPTIONS: THE SUBSTANCE OF ANY AND ALL STATEMENTS WHICH THE GOVERNMENT ALLEGES ARE ADMISSIBLE AS STATEMENTS OF A COCONSPIRATOR MADE DURING THE COURSE AND IN FURTHERANCE OF THE CONSPIRACY. [RULE 801 (d) (2) (E), F.R.E.; RULE 16 (a) (1) (A), F.R.Cr.P.].

The rationale underlying the above-stated rule is that each co-

conspirator is the

"agent" of the other once a conspiracy is shown to exist. As a

Defendant's agent, statements made by co-conspirators within

the scope of that agency and in furtherance of same are said to be

impliedly authorized by the Defendant as principal and are

therefore admissions by the Defendant. Given that such co-conspirator's statements are admissible because they are treated as statements of or adopted by the Defendant, then such statements should be discoverable as the Defendant's own statement

pursuant to Rule 16 (a) (1) (A) on the same theory. United States v. Fine, 413 F.Supp 740 at 742, (W.D. Wis 1976); United States v. Mays, 40 F.Supp. 573 at 573-76, (E.D. Tex. 1978); United States v. Bloom, 78 F.D.R. 691 at 618, (E.D. Pa. 1977); United States v. Thevis, 84 F.D.R. 47 (N.D. Ga. 1979); United States v. Brighton Building and Maintenance Co., 435 F.Supp. 222, aff'd (7th Cir. 1979) 598 F.2d 1011 (N.D. Ill. 1979). Accordingly, Defendant requests that this Court order the Government to disclose to undersigned counsel such statements as the United States intends to introduce in the above-styled as relate to hearsay statements made by this Defendant's alleged coconspirators.

**4. DOCUMENTS AND TANGIBLE OBJECTS:**
**ANY AND ALL BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE OBJECTS WHICH THE GOVERNMENT MAY INTEND TO USE AS EVIDENCE IN THEIR CASE-IN CHIEF AT TRIAL OR WHICH ARE OBTAINED FROM OR ALLEGED TO BELONG TO OR WERE MADE OF THE DEFENDANT OR TO ANY CO-CONSPIRATOR, INDICTED OR NOT, OR WHICH THE GOVERNMENT PLANS TO OFFER IN EVIDENCE IN THIS CASE OR WHICH ARE MATERIAL TO THE PREPARATION OF DEFENDANT'S DEFENSE.**

Rule 16 (a) (1) (C), F.R.Cr.P., authorized the discovery of

all books, papers,

documents and tangible objects in the possession or control of

the Government.

**5. CRIMINAL RECORD OF ALL WITNESSES: ANY AND ALL CRIMINAL ARREST AND CONVICTION RECORDS OF ALL PERSONS THE GOVERNMENT PLANS TO CALL AS WITNESSES.**

Effective confrontation and cross-examination at trial requires

that the criminal records of

Government witnesses be produced prior to trial. Prior

convictions are admissible for impeachment purposes, and these

convictions may be proved conclusively only by certified copies

of convictions. These documents can be obtained only from the

Clerk of the Court in the jurisdiction where the conviction

occurred. And, accordingly, pretrial access to arrest and

conviction records is necessary to provide information upon the

basis of which these documents may be obtained in sufficient

time to be of use at the trial herein.

Defendant submits that this evidence constitutes exculpatory

material within the meaning of Brady v. Maryland, supra, and

therefore production is required as a matter of due process. The

fact that such information would serve to impeach any testimony

by said witnesses is sufficient to bring the statement under the

scope of Brady since the duty imposed upon the Government by

Brady to disclose evidence it has in its possession applies to any

information"...favorable to the accused either as direct or

impeaching evidence" [emphasis added]. Williams v. Dutton,

400 F.2d 797 (5th Cir. 1968); United States v. Keogh, 391 F.2d

138 (2d Cir. 1968). Furthermore, the Defendant will be

unable to comply with the requirements of Rule 601 (b) requiring

advance written notice of intent to use certain prior convictions

for impeachment purposes, where Defendant is deprived of

access to such records.

## 6. WITNESS NAMES AND ADDRESSES:

**THE NAMES AND ADDRESSES OF PERSONS WHO HAVE KNOWLEDGE PERTAINING TO THIS CASE OR WHO HAVE BEEN CONTACTED BY THE GOVERNMENT OR THEIR AGENTS IN CONNECTION WITH THIS CASE.**

The names of Government witnesses, or other persons

having knowledge of facts regarding the case, should be

discoverable by the defense prior to trial. United States v.

Leichtfuss, 331 F.Supp. 723 (N.D. Ill. 1971); United States V.

Palmisano, 272 F.Supp. 750 at 752 (E.D. Pa. 1957); United

States v. Moceri, 359 F.Supp. 431 (N.D. Ohio, 1973); United

States v. Baum; 482 F.2d 1325 (2d Cir. 1973); Gregory v. United

States, 366 F.2d 185 (D.C. Cir. 1966).

"Witnesses, particularly eyewitnesses to a crime are the property

of neither the prosecution nor the defense. Both sides have an

equal right, and should have an equal opportunity to interview

them." Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966).

And, where the Government has knowledge of individuals whose testimony might be of

benefit to the defense, either in exculpation or mitigation, the Government is under a constitutional obligation to disclose the names of such individuals. United States ex rel. Mier v. Wilkins, 326 F.2d 135 (2d Cir. 1964); United States v. Houston, 339 F.Supp. 762 (N.D. Ga. 1972); Brady v. Maryland, 373 U.S. 83 (1963).

The names and addresses of individuals who the Government intends to call as witnesses at the trial is necessary in order to afford the Defendant and his counsel effective confrontation and cross-examination of these witnesses guaranteed by the Sixty Amendment to the Constitution of the United States, Pointer v. Texas, 380 U.S. 400 (1965), since effective confrontation and cross16 examination requires that a Government witness: **"... be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood...that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment...and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased, Alford v. United States, 282 U.S. 287 at 691-92.**

**7. WRITTEN STATEMENTS OR PERSONS NOT CALLED AS WITNESSES: WRITTEN STATEMENTS OF ALL PERSONS IN PARAGRAPH 6 WHO THE GOVERNMENT DOES NOT PLAN TO CALL AS WITNESS.**

The written statements in the possession of the Government of individuals who the

Government does not plan to call as witnesses which have been requested in Paragraph 8 hereof are as discoverable under the provisions of Rule 16(A) (1) (C), F.R.Cr.P., as such statement would not be obtainable at any time under the Jencks Act or Rule 26.2, F.R.C.P., since those statutes provide for discovery only of statements of witnesses who actually testified at trial.

Accordingly, pursuant to Rule 16 (a) (1) (C), F.R.Cr.P., Defendant should be granted discovery of the statements of any witnesses whom the Government does not intent to call as witnesses at trial. United States v. Gleason, 265 F.Supp. 880 at 887 (S.D.N.Y. 1967); United States v. Ladd, 48 F.R.D. 266 at 267 (D.Ala. 1969); 8 Moore's Federal Practice, Paragraph 16.05 (4).

Since the language of the exemption in Rule 16 (a) (2) is based upon the assumption that

statements made to Government agents are discoverable at trial under the Jencks Act or Rule 26.2 F.R.Cr.P., any "statement" which is not discoverable prior to trial pursuant to said statute should be discoverable under the provisions of Rule 16 (a) (2), F.R.Cr.P. Davis v. United States, 413 F.2d 1226(5th Cr. 1969).

**8. INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:**

The name, identity and whereabouts of the informer who gave information leading to the

arrest and/or indictment or Defendant, as well as whether said informer was paid by the Government for such information requested herein, is discoverable where said informant is a witness to or has knowledge of facts relevant to the case. United States v. Barnes, 486 F.2d 776 (8th Cir. 1973). See also: Rovario v. United States, 353 U.S. 63 at 64 (1967); United States v. Soloman, 26 F.R.D. 397 (N.D. I967); Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968); United States v. Silva, 580 F.2d 144 (5th Cir. 1978); United States v. Ayala, 643 F.2d 244 (5th Cir. 1981). The informer's level of involvement with the criminal activity is an important consideration. Suzarez v. United States, 582 F.2d 1007, 1011, (5th Cir. 1978); Alvarez v. United States, 525 F.2d 980, 982 (5th Cir.), cert. denied, 425 U.S. 995 (1976). The more active the participation, the greater

the need for identification. United States v. Gonzalez, 606 F.2d 70 (5th Cir. 1979); United States v. Ayala, supra, at 246. And even where the "informer was not an integral member of the criminal activity" his identity may be required where he was more than a "passive observer" or "tipster". United States v. Ayala, supra, at 246.

**9. REPORTS OR CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS: ANY AND ALL WRITTEN REPORTS OF ANY SCIENTIFIC ANALYSIS OR**

**CHEMICAL ANALYSIS CONDUCTED BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION. FURTHER DEFENDANT REQUESTS THAT HE BE PROVIDED WITH THE ACTUAL OBJECT, ITEMS OR SUBSTANCES TESTED IN ORDER TO OBTAIN HIS OWN INDEPENDENT EXPERT ANALYSIS OF SAME.**

Discovery of the examinations, tests and experiments requested

herein is authorized by Rule 16 (a) (1) (D), F.R.Cr.P. 18.

**10. EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS:**
**ANY AND ALL HANDWRITING OR VOICE EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS, OR OTHER MATERIALS OBTAINED BY WHATEVER MEANS OR PROCESS WHICH THE GOVERNMENT INTENDS TO OFFER INTO EVIDENCE OR UTILIZE AT THE TRIAL HEREIN, WHETHER SAME WERE THOSE OF DEFENDANT OR WERE THOSE OF SOME OTHER PERSON OR PERSONS KNOWS OR UNKNOWN, AND ANY AND ALL COMPARISONS OR WRITTEN REPORTS OF TESTS, ANALYSIS OR OTHER EXAMINATION CONDUCTED UPON SAME BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION.**

See Paragraph 9, argument above.

**11. TRANSCRIPT OF GRAND JURY TESTIMONY:**
**THE TRANSCRIPT OF TESTIMONY GIVEN BY ANY PERSON BEFORE THE GRAND JURY IN THIS CAUSE, INCLUDING BUT NOT LIMITED TO, THE PRECISE NATURE OF ANY STATEMENTS ATTRIBUTABLE TO THE DEFENDANT.**

The transcript of testimony of individuals who testified before

the Grand Jury in this case

which is requested herein is discoverable pursuant to Rule 16 (a)

(1) (C), F.R.Cr.P., since such transcripts are "documents" under

the rule. United States v. Hughes, 413 F.2d 1244 at 155-57

(5ᵗʰCir. 1969). Grand Jury testimony should be disclosed anytime

the Government demonstrates no need for secrecy, Nowlin v.

United States, 395 F. 2d 283 at 286 (5th Cir. 1968), and the

defense shows a semblance of need (e.g. where, as here, said

Grand Jury <u>witnesses are individuals the Government intends to</u>

<u>call at trial)</u>, United States v. Machi, 324 F.Supp. 153 (D.C. Wis.

1971); <u>Allan v. United</u>

<u>States,</u> 390 F.2d 482 (D.C. Cir. 1969). In the instant case,

Defendant, Richard Simpson, is indicted under a most general

indictment. The government has revealed nothing as of the filing

of this motion in the nature of discovery. It is clear that the

possibility of a mistake, error, negligence or misconduct exists

and that no harm could come from granting the requested

disclosure.

## N. **MOTION FOR DISCOVERY AND INSPECTION OF ALL DOCUMENTS AND TANGIBLE OBJECTS MATERIAL TO THE DEFENSE OR INTENDED FOR USE BY THE GOVERNMENT**

Please take notice that the above-named Defendant in the above-

entitled case, hereby

requests, pursuant to Rule 16 (a) (1) (c) of the Federal Rules of

Criminal Procedure, that the government allow him (1) to inspect

and copy all and any books, papers, documents, videotapes,

photographs, tangible objects, or copies or portions thereof, that

are within the government's possession or custody; and (2) to

inspect all and any buildings or places where are material to the

preparation of defendant's defense or are intended for use by the

government as evidence in its casein- chief at the trial.

Please indicate the date, time, and location where such inspection

and/or copying may be

made.

O. **MOTION FOR INFORMATION REGARDING PRIOR BAD ACTS OF DEFENDANT AND BRIEF IN SUPPORT THEREOF**
Comes now Defendant named above, the presumptively innocent

accused citizen in the

above-styled criminal action, by and through his undersigned

attorney of record, and moves this Court for an order directing

the government to disclose whether or not it intends to introduce

evidence in its case in chief under Rule 404(b) of the Federal

rules of Evidence. Pursuant to Rule 404(b), the government may

introduce in its case in chief prior or subsequent criminal conduct

of this defendant which is not charged on the face of the

indictment. If the government does in fact intend to introduce

such evidence, defendant further requests that the government be

ordered to disclose the name and address of each witness who

will testify to said activity, a description of the conduct which the

government intends to introduce into evidence, and the date and

place of conduct. Defendant, specifically requests any evidence

regarding other offenses related to the activities which the

government intends to introduce at trial.

P. **MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND AUTHORITY THEREFORE AND RESERVATION OF RIGHT TO MOVE TO SUPPRESS**

Comes now Defendant named above, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned attorney of record, and moves the Court pursuant to Rule 12, the 4th Amendment to the United States Constitution, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1968) and its progeny for entry of an order directing the government to specify all evidence which is arguably subject to a motion to suppress and which it intends to use at trial. This request includes, but is not limited to, a demand for production of any search warrant and

related affidavit used to procure, or attempt to procure, evidence related to Defendant or the subject indictment.

**AUTHORITY**

Under Rule 12 motions to suppress evidence must be raised prior to trial if it is possible to do so. In order to expedite the preparation for trial and to avoid unnecessary interruptions during trial to hear suppression issues, a means is not provided under Rule 12 for early notice and pre-trial litigation of such questions. That is the purpose of the motion made here calling upon the government to advise the Defendant of any specific evidence which is arguable subject to a motion to suppress and which it intends to use at trial. By such disclosure, the defendant is altered to the necessity if it exists, of making a motion to

suppress. The motion requests notice of evidence "arguably" subject to suppression. This is as it should be. If any argument properly can be made, counsel is entitled to the opportunity to make it. Certainly, the attorneys for the government should not sit as judges and decide which issues will be exposed to the adversary process and which will be hidden from it. Indeed, the government conceded as much as in <u>Alderman v. United States,</u> 394 U.S. 165, 181 (1969), where it agreed that surveillance records "arguably relevant" records should be turned over directly to defense counsel.

394 U.S. at 182, 184, n. 15. This motion expressly requests any and all such warrants and affidavits related which were obtained by any sovereign and directed in whole or in part at Defendant or any place in which Defendant has a reasonable expectation of privacy. Defendant also expressly reserves the right to move to suppress any evidence obtained pursuant to any warrant. There is no reason to permit a "trial by ambush." <u>See</u>, <u>United States v. Kelley</u>, 420 F.2d 26, 29 (2nd Cir., 1969). The motion is manifestly in the interest of judicial economy, is necessary to safeguard Defendant's constitutional rights, and therefore, should be granted.

Q. **<u>MOTION FOR TANGIBLE AND SEIZED ITEMS AND BRIEF IN SUPPORT THEREOF</u>**

Comes now Defendant named above, the presumptively innocent accused citizen in the

above-styled criminal action, by and through his undersigned attorney of record, Veronica E. Brinson, and moves this Honorable Court to grant his Motion for Tangible and Seized Items and therefore shows the following:

Rule 16(A)(1)(C) grants the right of discovery to the Defendant of documents and other

tangible objects in the following specified situations:

a. Items which are material to the preparation of the Defendant's defense;

b. Those which are intended for use by the Government was evidence in

chief at the trial;

c. Those which were obtained from or belong to Defendant.

The only definition, which the Court must consider, understanding the plain language of this section, is what is material. It has been held that "materiality", as a concept, includes those matters which the Government intends to use in its case in chief or in its rebuttal case, but it also includes those matters which might tend to rebut or impeach the evidence against a defendant or affect the degree of punishment. See,

United States v. Hughes, 413 F.2d 1244, 1254-55 (5th Cir., 1968)

vacated as moot sub. nom., <u>United States v. Gifford-Hill-</u>

<u>American,</u> 397 E.S. 93 (1970). <u>United States v. Picariello</u>, 568

F.2d 222, 227 (1st Cir., 1978).

**Wherefore, Defendant requests:**

1. Any and all tangible items obtained from each defendant and

alleged coconspirator,

other than the information previously submitted to counsel; and

2. Any and all items seized as a result of any and all searches of

the

Defendant or co-defendants or of any property in which they had

a reasonable expectation of privacy,

other than those items previously submitted to counsel.

R. **MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO AFFIRM OR DENY CERTAIN UNLAWFUL ACTS, DISCLOSURE OF INFORMATION RELATING TO THOSE ACTS AND FOR A TAINT HEARING**

Comes Now Defendant named above, by and through

undersigned counsel, and states that he is aggrieved, and moves

this Court for a certain order as follows:

1.

Defendant seeks disclosure of evidence obtained by the

government which is the primary

product of an unlawful act or acts and which was obtained by the

exploitation of an unlawful act or acts by the implementation of

electronic, mechanical or other devices, in violation of the

Constitution of the United States, or of regulation or standards

promulgated pursuant thereto.

2.

Defendant further seeks disclosure of whether certain

conversations, oral communications or wire communications

within the meaning of 18 U.S.C. Section 1250 were intercepted

on premises

where the Defendant had a reasonable expectation of privacy.

3.

Defendant also seeks disclosure of whether any government

witness, informer, or other

person was illegally wired for recording conversations with

Defendant, or whether any conversations of the Defendant were

overheard in any manner by said individuals, and whether

recordings were made.

4.

With reference to the items enumerated above, the Defendant

seeks the entry of an order

directing the prosecutor for the government to answer the

following inquiries and requests:

1. That the prosecutor for the government state in writing the

affirmation or denial of

each of the above alleged occurrences;

2. That the prosecutor for the government produce all materials gathered in its illegal

acts, including, but not limited to, files, "non files", original tapes, transcripts or

taped conversations, logs summarizing or recording portions of the conversations,

logs summarizing or recording portions of the conversations and any "airtels" which

summarize the information, or any other records of any communications however

memorialized;

3. That the prosecutor for the government state in writing the names of each

government agency contacted for the requested information as well as all local

agencies contacted for said information as well as all local agencies contacted for

said information, that each person in each of the above agencies be named with a

description of capacity, that the response be appended and include names and

addresses, that each individual contacted supply a sworn affidavit, and that the

response of the prosecutor for the government also be sworn;

4. That, should the government deny the occurrences of any undisclosed wiretapping or electronic eavesdropping, or deny the overhearing of Defendant's communications, or deny surreptitiously recording conversations in a so-called "consensual manner", the Defendant requests the following:

1. A sworn statement of denial by each investigative and law enforcement officer who was specifically assigned to and participated in the investigation which resulted in the indictment;

2. A sworn statement of denial by the official at each investigative and law enforcement agency who was responsible for any records of any search conducted.

3. For entry of an order, directing the government, if it admits the occurrence of any of the above-described illegal acts, to disclose precise location of each occurrence, and set a date for a hearing to establish whether or not Defendant has been aggrieved by

such unlawful acts and whether any evidence has been tainted

thereby;

4. For entry of an order directing the government, if it should in

the future commence

or occasion any of the acts described above, or discover

previously undiscovered

acts, immediately to notify the Court and counsel for Defendant

of the same.

**WHEREFORE, Defendant prays that this Court grant the instant motion.**

S. <u>**MOTION FOR PRODUCTION OF EVIDENCE FAVORABLE TO DEFENDANT.**</u>

Comes Now, Defendant above-named, and hereby requests the

government for permission and access to inspect and copy all

evidence in the possession of the government, which may be

favorable to the defendant as exculpatory in nature. In the

alternative, defendant requests that the government produce

evidence in its possession, custody, or control which may be

exculpatory in nature. This request includes, but is not limited to,

exculpatory material in the form of reports of interviews with,

statements by, and testimony of all persons who have knowledge

of the defendant's acts, statements or conduct, and any and all

other evidence which is or may be exculpatory in nature. It is

further requested that such evidence be made available to defense

counsel within twenty

(20) days. Please indicate the time, date, and place where such

evidence may be viewed or copied.

## T. **MOTION FOR PRODUCTION OF PREVIOUS STATEMENTS OF WITNESSES AFTER TESTIMONY FOR GOVERNMENT**

Defendant, by his attorney, moves the court, pursuant to 18 USC

Section 3500(b), for an

order directing the government to produce any statements of all

witnesses called by the government who to testify in this case

and which statements are in the possession of the government

and relate to the subject matter of the witnesses' testimony.

## U. **MOTION TO ALLOW PARTICIPATION IN VOIR DIRE AND BRIEF IN SUPPORT**

Comes now Defendant named above, the presumptively innocent

accused citizen in the

above-styled criminal action, by and through his undersigned

counsel of record, Veronica E. Brinson, and requests that this

Court, pursuant to Rule 24(a) of the Federal Rules of Criminal

Procedure, permit his attorney to participate in the voir dire

examination in this case. Courts have repeatedly recognized the

importance of a defense attorney's participation in voir dire in

order to insure the defendant a more effective jury selection

process. United States v. Ible, 630 F.2d 389, 394-95 (5th Cir.,

1980); United States v. Corey, 625 F.2d 704, 707-708 (5th Cir.,

1980); United States v. Ledee, 549 F.2d 990, 993 (5th Cir., 1977).

A defendant has a constitutional right to a fair and impartial trial.
The use of peremptory challenges to select a fair and impartial
jury is one of the important rights an accused citizen has at such
a trial. <u>Pointever v. United States</u>, 151 U.S. 396 (1893).
Defendant contends that the instant case requires counsel to
conduct probing and sensitive questions regarding potential
juror's reactions to a case involving allegations of violations of
Federal criminal laws. In order to insure the effectiveness of
these peremptory challenges, Defendant respectfully requests
that this Court grant his request to have his attorney participate in
the voir dire examination.

## V. **MOTION TO REVEAL THE IDENTITY OF INFORMANT AND REVEAL THE DEAL**

**1.**

Defendant moves the Court for an Order to reveal the identity of
the informant and to reveal the deal as this information is
favorable to this defendant.

**2.**

The full name of the informant and upon whose information that
was related to law
enforcement officials upon which the arrest of the defendant was
predicated.

**3.**

The full nature and extent of all immunity granted to this informant including but not limited to the nature and the details of all crimes for which the immunity was granted.

**4.**

Whether any consideration has been given or promised to said individual by the prosecution

of the Valdosta/Lowndes Drug Task Force and/or any other law enforcement agencies; and if so, the nature and such details of said consideration given or promised.

**5.**

Whether any threats or force were used to make or induce this individual to relate the

information upon which law enforcement individuals predicated their arrest of this defendant.

**6.**

Defendant further moves the Court for an Order requiring the District Attorney to produce all records, notes, memoranda, and documents in his possession relating to the grant of immunity, threats, or promises, or any other consideration given or promised to said individual by the office of the District Attorney or any law enforcement agency of County or of the State of Georgia.

**7.**

Accordingly, counsel requests that an Order be entered upon the

hearing of this Motion to

reveal the identity of the informant and any deal struck with this

informant.

W. **MOTION TO EXAMINE TAPE RECORDED EVIDENCE, TO EXAMINE VIDEO TAPES FOR ACCURACY, AND TO PREPARE TRANSCRIPTS ON DEFENDANT'S BEHALF**

**1.**

Sound and video tapes are admissible into evidence only if a

proper foundation is laid.

**2.**

The proper foundation includes:

1. A showing that the mechanical transcription device was

capable of taking testimony;

2. A showing that the operator was competent to operate the

device;

3. The authenticity and correctness of these recordings must be

established;

4. It must be shown that changes, additions, or deletions have not

been made;

5. The manner of the preservation of the record must be shown;

6. Speakers must be identified;

7. It must be shown that the testimony was freely and voluntarily

made.

**3.**

Inaudible tapes should be excluded from evidence as

untrustworthy.

**4.**

Defendant requests the right to view the video tapes and to

prepare his own transcripts.

**5.**

Defendant shows that he has the right to verify and compare

video tapes to make sure they have not been altered. In

preparation for trial, defendant has a fundamental confrontation

and due process right to listen, compare, and study the video

tapes.

X. **MOTION TO REQUIRE GOVERNMENT TO CONDUCT SEARCH OF OTHER GOVERNMENT AGENCIES UNDER THE AUTHORITY OF BRADY V. MARYLAND**

COMES NOW Defendant named above, by and through

undersigned counsel, and

respectfully moves this Court to require the United States

government to conduct a search of all other governmental

agencies for any and all exculpatory and/or impeaching evidence

for trial or sentencing, and in support thereof shows as follows:

1.

Contemporaneously herewith Defendant has filed and served his

request for exculpatory and impeaching information pursuant to

Brady v. Maryland, 373 U.S. 85 (1963) and its progeny as

recognized by the Federal Rules of Criminal Procedure, the

Rules of Evidence and the pronouncement of the Supreme Court of the United States as well as embodied in the standing Pretrial Order of this Court.

2.

Pursuant to such a Brady request, the government has an affirmative duty of inquiry to search the files of all agencies "closely aligned with the prosecution." <u>United States, ex rel Fairman,</u> 769 F.2d 386, at 391 (7th Cir. 1985). See: <u>Pennsylvania v. Mims,</u> 480 U.S. 39, 57, 107 S.Ct. 989, at 1001(1987) (assuming that an extension of Brady exists to unsearched files outside the prosecutor's office).

3.

In extending the Brady duty to searches for evidence, the former Fifth Circuit framed the

issue as one of incentives for the government. Without the extension "we would be inviting and placing a premium on conduct unworthy of the representatives of the United States government." <u>United States v. Auten,</u> 632 F.2d 478 at 481 (5th Cir. 1981). Earlier, the former Fifth Circuit opined that an affirmative duty on the part of the government stems from a sense that an inaccurate conviction based on government failure to turn over an easily turned rock is as offensive as one based on government non-disclosure. <u>See, Calley v. Callaway,</u> 519 F.2d

184, at 223 (5th Cir. 1975)(en banc) (reflecting concern for

"inherent fairness").

4.

At least three other Circuits have found an affirmative duty on

the government to search files outside its own agency. See:

United States v. Perdomo, 929 F.2d 967 (3rd Cir. 1991); Carey v.

Duckworth, 738 F.2d 875 (7th Cir. 1984); United States v. Brooks,

966 F.2d 1500 (D.C. Cir. 1992). Of course these decisions of the

former Fifth Circuit are binding precedent in this circuit. See:

Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

5.

The former Fifth Circuit has reached this conclusion in a variety

of contexts. In United States v. Deutsch, 475 F.2d 55 (5th Cir.

1970), the Court reached possible adverse information in the

personnel file of the post office employee who testified that the

defendants sought to bribe him; while in Auten, supra, the duty

reached the key witness' convictions in the FBI and NCIC files.

632 F.2d at 480-481.

6.

At the very least, the Court should require information gathered

from these diverse sources to be provided for in camera review.

See, Pennsylvania v. Ritchie, supra; Miller v. Dugger, 820 F.2d

1135 at 1136-7 (11th Cir. 1987); <u>United States v. Kiszewski</u>, 877

F.2d 210 at 215-216 (2d Cir. 1989).


WHEREFORE, Defendant requests that this Court specifically

enter an order requiring the government to search all files

maintained by any branch of the government which may have

information "closely aligned" with the interests of the

prosecutor's office, the U.S. Attorney's Office in the Middle

District of Georgia in this cause, including but not limited to the

following: FBI, DEA, Customs, Secret Service, IRS, GBI, NCIC

and GCIC, and to conduct an in camera review of the same for

Brady material, in a broad sense to try to narrow this indictment

down to a reasonable trial of allegation and defense.

Should the Court find an exculpatory information Defendant

demands that same be provided to Defendant forthwith. Further,

should the Court find information or evidence of which there is a

question as to whether it is exculpatory in nature as guilt or

innocence or sentencing, Defendant demands that a hearing be

held thereon to conduct a modified in came review on the issue

to ensure the defendant's rights, and that justice be pursued in

this cause.

## Y. **MOTION TO PRECLUDE PROSECUTOR FROM CONFERRING WITH PROSECUTION WITNESSES**

Comes now Defendant named above, the presumptively innocent accused citizen in the

above-styled criminal action, by and through his undersigned counsel of records, Veronica Brinson, and moves this Court for a protective order, directing the prosecutor and any of his assistants or agents to refrain from conferring with prosecution witnesses, during the trial of this case; and in support thereof, show the following:

(A) IT IS "COMMON PRACTICE" AND "APPROPRIATE" TO PRECLUDE A WITNESS FROM CONSULTING WITH COUNSEL DURING THEIR TESTIMONY

1. The Supreme Court in Perry v. Leeke, 488 U.S. 272, 109 S. Ct. 594,

32102 L.Ed.2d 624 (1988) (holding an accused citizen has no right to confer with his counsel during a brief recess in his testimony) noted that cross-examination is more likely to elicit truthful responses if it goes forward without the witness having an opportunity to consult with...his or her lawyer Perry v. Leek, supra., at p. 634.

The reason for the rule (precluding a witness from consulting with counsel during his or her examination) is one that applies to all witnesses-not just defendants. It is a common practice for a judge to instruct a witness not to discuss his or her testimony

with third parties until the trial is completed. Such nondiscussion orders are a corollary

of the broader rule that witnesses may be sequestered to lessen

the danger that their testimony will be influenced by hearing

what other witnesses have to say, and to increase the likelihood

that they will confine themselves to truthful statements based on their own

recollections...Accordingly, it is entirely appropriate for a trial

judge to decide...that cross-examination is more likely to elicit

truthful responses if it goes forward without allowing the witness

an opportunity to consult with third parties, including his or her

lawyer. Perry v. Leek, supra., at p. 634.

(B) WHAT IS GOOD FOR THE GOOSE

2. To allow for cross-examination of government witnesses without

the benefit of consultation with counsel for the government,

would enhance this truth-seeking function and further the

purposes underlying his Sixth Amendment right of confrontation.

As the Supreme Court reiterated in Green v. Bock Laundry

Machine Co., 490 U.S. 504, 109 S. Ct. 1981, 104 L.Ed.2d 557

(1989): The Sixth Amendment to the Constitution guarantees a

criminal defendant certain fair trial rights not enjoyed by the

prosecution. Green v. Bock Laundry Machine Co., supra.

(C) THE RULE OF SEQUESTRATION

3. The purpose of O.C.G.A.§24-9-61 would be best served by

precluding non-party witnesses from consulting with counsel

during their testimony. The Supreme

Court in <u>Perry v. Leek</u>, supra., held that "[s]uch nondiscussion

orders are a corollary" to the witness sequestration rule.

Wherefore, Defendant prays that an order be entered directing

Government counsel and their witnesses not to consult during the

trial of this case, or in the alternative, not to consult during any

interruptions or recesses in this case.

## Z. **<u>MOTION TO PRESERVE ROUGH NOTES</u>**

Comes now Defendant named above by and through Defendant's

counsel of record, Veronica Brinson, and moves the Court to

order the Government to preserve all materials, notes, other

memoranda and rough notes made by Government witnesses,

agents or attorneys in this case.

<u>U.S. v. Nabors</u>, 707 F.2d 1294 (11th Cir. 1983).

## AA. **MOTION TO PRODUCE ALL INVESTIGATORY NOTES AND BRIEF IN SUPPORT THEREOF**

Comes now Defendant named above, the presumptively innocent

accused citizen in the

above-styled criminal action, by and through his undersigned

attorney of record, Veronica Brinson, and moves this Court to

enter an order, pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83

(1963) and its progeny, requiring the Government to produce and disclose the following:

1. Any and all notes relating to any statement given by Defendant;

2. Any and all notes relevant to this case and relating to a statement given

by someone other than Defendant, including any co-defendants or unindicted co-conspirators or other potential witnesses against Defendant;

3. That the Government be required to retain all rough notes taken in

connection with the investigation of the instant case;

4. That this Court perform an in camera inspection of all notes not disclosed

to Defendant and make a determination as to when said notes should be disclosed; and

5. Require the Government to make inquiry and to state whether or not any

rough notes concerning the instant case have been destroyed and conduct a hearing if any such notes have been destroyed.

Wherefore, Defendant prays that this Court enter an order granting the relief requested herein.

## BB. MOTION TO REQUIRE THE GOVERNMENT TO GIVE NOTICE OF ITS INTENTION TO INTRODUCE RULE 608(B) EVIDENCE

Comes now Defendant named above, the presumptively innocent accused citizen in the

above-styled criminal action, by and through Defendant's undersigned counsel, Veronica Brinson, and moves this Honorable Court pursuant to Rules 102 and 403 of the Federal Rules of Evidence for an Order directing the Government to provide the defense with notice of its intention to introduce Rule 608(b) (Federal Rule of Evidence) evidence, and to provide the defense, if such evidence is intended to be used, with:

1. The specific details of any such alleged conduct;

2. Statements of any participants; and

3. Any documents containing or evidencing such conduct.

The Defendant requests said information so as to prevent prejudicial surprise at trial.

Wherefore, Defendant prays for an order granting his Motion and for any all other proper

relief.

## CC. **REQUEST FOR INFORMATION UNDER RULE 16**

Comes now Veronica Brinson, attorney for Defendant named above, and requests all that

information to which Defendant is entitled under Rule 16 of the Federal Rules of Criminal Procedure, including inspection and copying thereof as allowed by the rule. In order to avoid copying

the rule into this request, specific reference is hereby made to Rule 16 and said Rule 16 is incorporated into this request by reference.

Without intending to limit the scope of this request, the information sough is divided into the following general categories: (a) Statement of Defendant; (b) Defendant's Prior Record; (c) Documents and Tangible Objects; (d) Reports of Examination and Tests; and (e) Expert Witnesses.

## DD. **REQUEST FOR DISCLOSURE OF STATEMENTS OF WITNESSES JENCKS MOTION**

Comes now Defendant named above by and through Defendant's counsel of record, Veronica Brinson,  pursuant to 18 U.S.C. §3500 and <u>Jencks v. U.S</u>., 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), and requests the Government to produce any statements of witnesses in order that counsel may adequately prepare Defendant's defense. 18 U.S.C. §3500 is incorporated herein by reference and Defendant intends by this request to receive all information to which Defendant is entitled under that section.

## EE. **REQUEST FOR NOTICE UNDER RULE 404 (b) PRIOR BAD ACTS**

Comes now Veronica Brinson, attorney for Defendant named above, and requests the Court to order the Government to provide pretrial notice of any evidence which the Government intends to introduce under Rule 404(b).

This 19ᴴ day of April, 2007.
By: s/ Veronica E. Brinson
Veronica E. Brinson
Georgia Bar No. 082905
Attorneys for Defendant
**LAW OFFICES OF VERONICA E. BRINSON, LLC.**


**CERTIFICATE OF SERVICE**
STATE OF GEORGIA,
BIBB  COUNTY.
This is to certify that I have this day served all parties in the
foregoing matter by
electronically filing a copy of the foregoing **Defendant's Consolidated
Motion for Discovery**, via:

Electronic filing as follows:
Charles Calhound
Assistant U.S. Attorney
This 28ᴛʜ day of April, 2007.
s/ Veronica E. Brinson
Veronica E. Brinson