IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY, | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
| Defendants | § | |

## MOTION AND MEMORANDUM FOR DISCOVERY
## OF SENTENCING GUIDELINES AND MATERIALS

COMES NOW Defendant, **ANGEL MARTINEZ**, in the above-styled action and moves this Court for an order requiring the Government to provide the following materials in connection with applicable sentencing guidelines:

(1)

Disclose all conduct, circumstances and injuries relevant to the offense alleged in the indictment upon which the Government intends to rely at sentencing under Section 1B1.3 of the Sentencing Guidelines.

(2)

Disclose whether the Government contends that a sentencing enhancement is warranted

under Section 3C1.3 of the Sentencing Guidelines, or under any other provision of law, whether or not specifically mentioned in the Sentencing Guidelines. Please produce all information relating to any such enhancement.

(3)

Disclose all information relating to any contention that a victim-related adjustment is warranted under Part A of Chapter 3 of the Sentencing Guidelines.

(4)

Pursuant to Chapter 3 of the Sentencing Guidelines, disclose the following information:

(a) Whether the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

(b) Whether the Defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.

(c) Whether the Defendant was a organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b).

(d) Whether the Defendant was a minimal participant in any criminal activity.

(e) Whether the Defendant was a minor participant in any criminal activity.

(f) Whether the Defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or concealment of the offense.

(5)

Pursuant to Part C of Chapter 3 of the Sentencing Guidelines, disclose all information relating to any contention that the Defendant wilfully impeded or obstructed or attempted to impede or obstruct the administration of justice during the investigation or prosecution of offenses alleged in the indictment.

(6)

Disclose all counts of the indictment which the Government contends are closely related counts as that term is defined in §3D1.1 and §3D1.2 of the Sentencing Guidelines.

(7)

Disclose all information which demonstrates that the Defendant has recognized and affirmatively accepted personal responsibility for the criminal conduct at issue under §3E1.1 of the Sentencing Guidelines.

(8)

Disclose the following information concerning the Defendant's prior criminal record upon which the Government intends to rely under Chapter 4 of the Sentencing Guidelines:

(a) Each prior sentence of imprisonment exceeding one year and one month.

(b) Each prior sentence of imprisonment exceeding sixty days.

(c) Each prior sentence of imprisonment not counted in (a) or (b).

(d) Whether any crime alleged in the indictment were committed while the Defendant was under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Whether the Defendant committed any of the offenses alleged in the indictment less that two years after release from imprisonment on any sentence set out under (a) or (b) above.

(f) For any offense under (a) or (b) above which was committed by the Defendant prior to his or her eighteenth birthday, please identify any such sentence which resulted in an adult sentence of imprisonment exceeding one year and one month or which resulted in an imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the Defendant's commencement of any crime alleged in the indictment.

(g) Identify any prior sentence under (a) or (b) above, which exceeded one year and one month, and which was imposed more than fifteen years prior to the Defendant's commencement of any crime alleged in the indictment. Also reveal any such prior sentence which exceeded one year and one month which resulted in the Defendant's incarceration during any part of the fifteen year period.

(h) For any prior sentence under (b) above, identify any such sentence which was imposed more than ten years prior to the Defendant's commencement of the crime alleged in the indictment.

(I) Disclose any prior sentence imposed upon the Defendant which included a "diversionary disposition", a "military sentence", a "foreign sentence", a "tribal court sentence", or an "expunged conviction."

(j) Identify any prior revocation of probation, parole, supervised release, special parole, or mandatory release involving any prior sentence imposed upon Defendant.

(9)

Disclose all information which may relate the adequacy of the Defendant's criminal history category under §4A1.3 of the Sentencing Guidelines, and identify all information on which the Government may rely in arguing for an upward departure on this ground.

(10)

Disclose all information upon which the Government will rely in arguing that the Career Offender rules of §4B1.1 of the Sentencing Guidelines will apply to the Defendant.

(11)

Disclose all information which the Government contends reveals that the Defendant

committed any crime alleged in the indictment as part of a pattern of criminal conduct engaged in as a livelihood under §4B1.3 of the Sentencing Guidelines.

(12)

Disclose all restitution for which the Government contends the Defendant is liable under 18 U.S.C. §3663(d) and §5E1.1 of the Sentencing Guidelines.

(13)

Disclose the minimum and maximum fine for which the Government contends the Defendant is liable for each offense alleged in the indictment under §5E1.2 of the Sentencing Guidelines.

(14)

Disclose any and all substantial assistance to authorities provided by the Defendant, including, but not limited to, the nature, the significance and usefulness of the assistance, the truthfulness, completeness and reliability of any information provided, the nature and extent of the Defendant's assistance, any injuries suffered, or any danger or risk of injury to the Defendant or his family resulting from such assistance, and the timeliness of the Defendant's assistance.

(15)

Disclose whether any death resulted from any crime alleged in the indictment which the Government may argue will increase the sentence above the authorized guideline range under §5K2.1 of the Sentencing Guidelines.

(16)

Disclose any significant physical injury which the Government may use to argue that the sentence should be above the authorized guideline range pursuant to §5K2.2 of the Sentencing Guidelines.

(17)

Identify whether any victim or victims suffered psychological injury much more serious that normally resulting from the commission of any of the crimes alleged in the indictment, if the Government might use such injury to argue that the sentence should be outside the authorized guideline range, under §5K2.3 of the Sentencing Guidelines.

(18)

Disclose whether any person was abducted, taken hostage, or unlawfully restrained to facilitate commission of any of the crimes alleged in the indictment or to facilitate the escape from the scene of any such crime, under §5K2.4 of the Sentencing Guidelines.

(19)

Disclose any property damage or loss otherwise not taken into account within the Guidelines which the Government may use to argue that the sentence should be above the authorized guideline range under §5K2.5 of the Sentencing Guidelines.

(20)

Identify any weapons or dangerous instrumentalities used or possessed during the commission of any crime alleged in the indictment which the Government may argue as a reason why the sentence should be above the authorized guideline range in this case under §5K2.6 of the Sentencing Guidelines.

(21)

Disclose whether the Government contends that the Defendant's conduct resulted in a significant disruption of a governmental function under §5K2.7 of the Sentencing Guidelines.

(22)

Disclose whether the Government contends that the Defendant's conduct was unusually

heinous, cruel, brutal, or degrading to any victim, under §5K2.8 of the Sentencing Guidelines.

(23)

Disclose whether the Government contends that the Defendant committed any offense alleged in the indictment in order to facilitate or conceal the commission of another offense under §5K2.9 of the Sentencing Guidelines.

(24)

Identify all wrongful conduct by any victim which may have contributed significantly to provoking any offense alleged in the indictment under §5K2.10 of the Sentencing Guidelines.

(25)

Disclose any information which may tend to show that this Defendant committed a "lesser harm" under §5K2.11 of the Sentencing Guidelines.

(26)

Disclose any information which may tend to show that this Defendant acted under coercion and duress under §5K2.12 of the Sentencing Guidelines.

(27)

Disclose any information which may tend to show that this Defendant committed this offense while suffering from diminished capacity not resulting from voluntary use of drugs or other intoxicants, under §5K2.13 of the Sentencing Guidelines.

(28)

Disclose whether the Government contends that national security, public health or safety was significantly endangered by any of the crimes alleged in the indictment under §5K2.14 of the Sentencing Guidelines or whether the Defendant committed the offense in furtherance of a terroristic action under §5K2.15 of the Sentencing Guidelines.

(29)

Disclose whether the Government intends to argue that this Defendant should be sentenced above the range established under the Sentencing Guidelines for any reason not articulated above.

(30)

Produce any information relating to any contention by the Government that an upward departure from the range established by the Sentencing Guidelines may be appropriate.

### AUTHORITY

Defendant specifically requests the material delineated under the Sentencing Reform Act of 1984, (Chapter II of the Comprehensive Crime Control Act of 1984, Public Law 98-473, October 12, 1984). The material requested above is necessary to ensure that the Defendant is afforded his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. Unless such material is provided to Defendant, he will not receive effective assistance of counsel in several ways.

First, without such information, Defendant and his or her attorney will by unable to adequately assess whether to enter a plea of guilty in this case. Under the sentencing guidelines, the specific information requested in paragraphs 23 - 31 is used to compute the ultimate sentencing guideline range. Unless a Defendant knows what guideline range applies to his or her conduct, it will not be possible to evaluate whether the case should go to trial. A criminal Defendant is entitled to know all direct consequences of a plea of guilty. Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 369 (1985). Unless a Defendant knows the information upon which the Government will rely in arguing that he will be required to serve a specific number of months under the sentencing guidelines, any guilty plea will not be voluntary and intelligent, and therefore will be subject to

review. Id.

A second reason why Defendant is entitled to the information set out above is that such information will greatly affect any decision as to whether the Defendant should testify at trial. Under the Sentencing Guidelines, certain information which would otherwise be inadmissible at a trial may be used to enhance the Defendant's particular sentencing guideline range. The Defendant needs to know in advance what information will be relevant to sentencing before deciding to exercise his rights under the Constitution to testify in his own behalf at trial.

Under the new Sentencing Guideline regime, certain specific offense characteristics or other factors have essentially become new, albeit, unstated elements of an offense which the Government must prove in order to obtain a certain sentence. A Defendant is entitled to know which, if any, of these enhancing factors the Government will be relying upon in any case. Only when a Defendant is fully informed of the charges against him, and the possible penalties for those charges, can his attorney render effective assistance of counsel.

The Sentencing Guidelines also apparently envision information from collateral sources as being useful in determining a Defendant's ultimate sentence after either a plea of guilty or a trial and conviction. A Defendant is absolutely entitled to the source of such information, if that information will be used by the Government in an attempt to enhance a Defendant's sentence under the Guidelines. Without such information, the Defendant, his or her attorney, the Court, the Government, and all participants in the criminal justice system are laboring under an incredible burden when the date of sentencing arrives.

Finally, the Government is obligated to disclose evidence favorable to a Defendant specifically requesting it if such evidence is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (9163). Such information must be material to a Defendant's punishment

before it must be disclosed under Brady.  Maddox v. Montgomery, 718 F.2d 1033 (11th Cir. 1983). Only when a Defendant is informed of precisely the type of information requested in this motion will he be able to intelligently request material information which might be exculpatory to his sentence under the new Sentencing Guideline regime.

This April 29, 2007.

Respectfully submitted,

_____
s/R. DAVID BRYAN, LLC
Attorney at Law
State Bar No.. 091185
Attorney for Defendant, ANGEL MARTINEZ
211 N. Park Ave., P.O. Box 1979
Tifton, GA 31793-1979
Phone: (229) 387-8005
Fax: (229) 387-8007
email: david@rdavidbryan.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
|     Defendants | § | |

## ORDER GRANTING MOTION FOR DISCOVERY OF SENTENCING GUIDELINES AND MATERIALS

Upon consideration of defendant **ANGEL MARTINEZ**''s Motion for an order requiring the government to provide to this defendant a copy of the guidelines the Government intends to apply to this Defendant's charges for purposes of a plea of guilty to the charges against this defendant, it is hereby ORDERED that the Motion be, and hereby is, GRANTED;

IT IS HEREBY ORDERED that the Office of the United States Attorney shall timely provide to the defendant a copy of the guidelines the Government intends to apply to this Defendant's charges for purposes of a plea of guilty.

This _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Prepared by:
R. David Bryan
P.O. Box 1979, 211 North Park Ave.
Tifton, Georgia, 31793-1979
Phone: (229)-387-8005
Fax:   (229)-387-8007
Email: david@rdavidbryan.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
| Defendants | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

Carroll Jerome Adams/ jadamslaw@alltel.net,
Veronica E. Brinson/ attorneybrinson@excite.com,
Richard R. Buckley, Jr./ buckley.lawoffice@mchsi.com
Charles L. Calhoun/ charles.calhoun@usdoj.gov, usagam.ecf@usdoj.gov; annette.evans@usdoj.gov
Charles E. Cox, Jr./ cecoxjr@cbi.mgacoxmail.com, staff@cbi.mgacoxmail.com
Fred I. Graham/ fglaw@cbi.mgacoxmail.com
Doye E. Green, Jr./ degreenjr@yahoo.com, legalgirl.ilean@yahoo.com
Bruce Steven Harvey/ JoyGeske@Yahoo.com,
Laura D. Hogue/ lauradhogue@bellsouth.net
Scott C. Huggins/ scott.huggins@ahwllp.com, scotthuggins@cox.net
Terry Jack Marlowe/ terrymarlowelaw@bellsouth.net
Michael J. Moore/ mjm@michaeljmoorepc.com,
Mark Tyson Phillips/ mtpatty@mchsi.com, ramona.higgs@mchsi.com
Reza Sedghi/ reza@rezasedghi.com.

I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the non-CM/ECF participant:

Torris Jerrel Butterfield
Suite 501
44 Broad Street
Atlanta, GA 30303

Respectfully submitted,

_____
s/R. DAVID BRYAN, LLC
Attorney at Law
State Bar No.. 091185
Attorney for Defendant, ANGEL MARTINEZ
211 N. Park Ave., P.O. Box 1979
Tifton, GA 31793-1979
Phone: (229) 387-8005
Fax: (229) 387-8007
email: david@rdavidbryan.com