IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
| Defendants | § | |

**MOTION FOR ORDER DIRECTING PRESERVATION OF
AND PRODUCTION OF (IN CAMERA IF NECESSARY)
NOTES OF ALL INVESTIGATIVE AND LAW ENFORCEMENT
OFFICERS AS POSSIBLE JENCKS ACT MATERIALS**

COMES NOW the defendant, ANGEL MARTINEZ, by and through his attorney, R. David Bryan and files this motion for an order requiring the government to preserve the investigative notes of all law enforcement agencies and officers involved in this case of interviews of the defendant, and any other perspective government witnesses, and in support of said motion would show the Court as follows:

1.

This request is made pursuant to Fed.R. Crim.P. 16 and the holding in the United States v. Harris, 543 F.2d 1247 (9th Cir. 1976).

Federal Criminal Rule 16(a)(1)(A) reads in pertinent part as follows:

**Rule 16. Discovery and Inspection**
**(a) Governmental Disclosure of evidence.**
**(1) Information Subject to Disclosure.**

**(A) Statement of Defendant.** Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of defendant before a grand jury which relates to the offense charged. The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial. (emphasis added)

The government has provided to the defense numerous audio tapes and video tapes of the custodial interrogation of Mr. GAMBLE at the time of his arrest.. The government has also produced report summaries of Mr. GAMBLE's oral statements. However, the government has to date not produced any other written notes, summaries or other written records of statements made by the defendant. Mr. GAMBLE specifically requests the United States Attorney to interview each law enforcement agent who spoke with Mr. GAMBLE in order to ascertain the substance and circumstance of all oral statements of Mr. GAMBLE and the existence of any notes of those interviews.These rough notes should include the products of interviews with GAMBLE and witnesses. These notes can contain relevant evidence, both of an exculpatory nature, and can provide relevant information in the determination of pre-trial motions. Of particular importance in this case are notes pertaining to the custodial statements of Mr. GAMBLE. Those notes would be directly discoverable as statements of the defendant and can also provide relevant information as to the circumstances and voluntariness of that interview. Additionally, the notes of interviews of other individuals may constitute Jencks Act materials.

Should the government assert that these materials are not Jencks Act materials, the procedure is for the court to review the notes in camera. U.S. v. Johnson, 521 F.2d 1318 (9th Cir. 1975) at pg. 1319 and 1320. This approach is confirmed in United States v. Pisello, 877 F.2d 762 (9th Cir. 1989), where the procedure is set forth. Pisello recognizes that not all notes are Jencks Act materials and that the District Court must make that conclusion.

Therefore, the government should be directed to instruct all of its agents to preserve those hand-written notes. Only upon preservation of these notes, can the subsequent decisions as to the possible discovery of those notes as either Jencks Act materials or Brady materials take place. Should the agents in the interim destroy those notes there is no way to reevaluate whether or not, had they been preserved, that they should have been disclosed.

## CONCLUSION

This court should issue an order directing the preservation of these materials. Preservation of them does not require the government to litigate, at this stage the Jencks Act question, nor the question of exculpatory evidence. It simply requires the preservation of the evidence in the status quo

pending later substantive motions.

Defendant recognizes that there are time constraints on the production of Jencks Act materials, but believes that the determination as to whether the notes are Jencks Acts materials can only be done if those notes are preserved.

**WHEREFORE**, ALL PREMISES CONSIDERED, the Defendant prays this Honorable Court will grant his Motion

April 29, 2007.

Respectfully submitted,

_____
s/R. DAVID BRYAN, LLC
Attorney at Law
State Bar No.. 091185
Attorney for Defendant, ANGEL MARTINEZ
211 N. Park Ave., P.O. Box 1979
Tifton, GA 31793-1979
Phone: (229) 387-8005
Fax: (229) 387-8007
email: david@rdavidbryan.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY, | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
|     Defendants | § | |

## ORDER DIRECTING PRESERVATION OF AND PRODUCTION OF (IN CAMERA IF NECESSARY) NOT OF ALL INVESTIGATIVE AND LAW ENFORCEMENT OFFICERS AS POSSIBLE JENCKS ACT MATERIALS

Upon consideration of defendant ANGEL MARTINEZ''s Motion for an order requiring the government to preserve the investigative notes of all law enforcement agencies and officers involved in this case of interviews of the defendant, and any other perspective government witnesses it is hereby ORDERED that the Motion be, and hereby is, GRANTED;

IT IS HEREBY ORDERED that the Office of the United States Attorney shall direct, in writing, each of the investigative agencies involved that the original interview notes with MARTINEZ, and all potential witnesses must be preserved.  It is the responsibility of the Office of the United States Attorney to provide this written direction to its investigative agencies within twenty-four (24) hours of the entry of this order.

This court does not address the issue of disclosure of those notes to the defendant or even to the court.

    this \_\_\_\_\_ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Prepared by:
R. David Bryan
P.O. Box 1979, 211 North Park Ave.
Tifton, Georgia, 31793-1979
Phone: (229)-387-8005
Fax:   (229)-387-8007
Email: david@rdavidbryan.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
|     Defendants | § | |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, **ANGEL MARTINEZ** and co-defendants, ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEYMARIO DEVICTOR KINSEY, SANTANA GAMBLE, TYRONE MCCORMICK, JASON TERRELL WHITE, REGINALD FORD, SANTANA GAMBLE, LEONARD EARNEST ROYSTER, JORGE LUIS REYES, ELROY QUINTERO, JOGINDER, CHEEMA,LORENZO JACKSON, SAUL FALCON, and TONEY GREGORY HILL, are charged in a multi-count indictment with various drug trafficking offenses.

The government has indicated that it will seek to call several expert witnesses at trial. One is a handwriting expert whose report the government disclosed to the defense several weeks ago. The other experts include chemists who will testify about chemical analysis of narcotics seized during the investigation and drug trafficking "experts" who will testify about "the nature and practices of Nigerian heroin trafficking organizations," in one instance, and "the analysis of pen register and telephone toll records," in another. Exhibit A. The defense has filed a motion to exclude the testimony of the latter two experts on several grounds, including, but not limited to, the late notice given by the government.

The experts the government wishes to call may have testified in prior trials and it is likely that there have been convictions in at least some of those trials. If the defendants appealed their

convictions, the government should have transcripts of the experts' testimony from those trials. For the reasons set forth below, those parts of any transcript in which one of the experts testified about his or her qualifications or testified about general knowledge, procedures and practices in his or her area of expertise are subject to disclosure under the Jencks Act. The Court should order the government to assure that any such part of any such transcript is available for disclosure. It should also encourage the government to disclose the transcripts early, as the defense will need at least some time to review them before cross examining the expert or experts in question.

II.

## ARGUMENT

The Jencks Act is codified at 18 U.S.C. § 3500. A similar provision is incorporated in the Federal Rules of Criminal Procedure, as to both the government and the defense, in Rule 26.2. The Act requires production of "any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The Act then defines "statement" to include "a stenographic, mechanical, electrical, or other recording, or a transcription thereof." 18 U.S.C. § 3500(e)(2) (emphasis added).

The Act's reference to "the subject matter as to which the witness has testified" has been read broadly by the Ninth Circuit. In the case of a witness who is testifying about particular events and activities, it "need relate only generally to the events and activities testified to by the witness." United States v. Bibbero, 749 F.2d 581, 585 (9th Cir. 1984), cert. denied, 471 U.S. 1103 (1985). Accord United States v. Brumel-Alvarez, 991 F.2d 1452, 1463 (9th Cir. 1992). It may be a statement addressing a different or broader concern that overlaps the subject of the witness' testimony at the trial. See, e.g., Brumel-Alvarez, 991 F.2d at 1463.

This makes clear that testimony by an expert in a different trial about the general areas of qualifications and practices, procedures, and methods of analysis does "relate[ ] to the subject matter as to which the witness has testified" in the new trial. The expert's testimony about his or her qualifications in the prior trial is subject to disclosure if the expert is going to testify about his or her qualifications in the new trial. The expert's testimony about generalities, such as how Nigerian drug traffickers operate or how handwriting experts analyze documents, is subject to disclosure if the expert is going to testify about the same general topics in the new trial. The expert's testimony about common terminology or common practices is subject to disclosure if the expert is going to testify about that common terminology or those common practices in the new trial.

With respect to testimony about the drug trafficking experts, this would mean virtually all of their testimony in a prior trial would be subject to disclosure. Such experts are not allowed to give opinions about a particular defendant's behavior but are only allowed to give testimony about general practices of drug traffickers -- if that. The government should thus have available, and be required to produce, all existing transcripts of any drug trafficking "experts" whom the Court allows to testify over the defense's objection.

A handwriting expert's testimony can generally be broken down into three areas. Those are: (1) the expert's qualifications and training; (2) general procedures and approaches and methods of handwriting analysis, and, in some instances, an explanation of terminology used by handwriting experts; and (3) the expert's application of those methods to the particular handwriting at issue in the case. While the last of these areas is always case-specific and will therefore be a different "subject matter" in each case, the testimony about qualifications, methods of analysis, and terminology will presumably be the same. Testimony which a handwriting expert has given in those areas in prior trials is therefore the same "subject matter", and so is subject to disclosure under the Jencks Act.

III.

## CONCLUSION

Any transcripts of testimony by the government's handwriting expert and the government's drug trafficking "experts" which are now in the possession of the government are subject to disclosure, in whole or in part, under the Jencks Act. The Court should order the government to have those transcripts available for disclosure at an appropriate time. So as to avoid delay in the trial, the Court should also strenuously urge the government to disclose the transcripts prior to the witness' testimony.

Respectfully submitted,

_____
s/R. DAVID BRYAN, LLC
Attorney at Law
State Bar No.. 091185
Attorney for Defendant, ANGEL MARTINEZ
211 N. Park Ave., P.O. Box 1979
Tifton, GA 31793-1979
Phone: (229) 387-8005
Fax: (229) 387-8007
email: david@rdavidbryan.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO.5:07CR16(wdo) |
| | § | |
| ANTHONY SEAN WALKER, | § | |
| MICHAEL SHERROD KINSEY | § | |
| MARIO DEVICTOR KINSEY, | § | |
| ANGEL MARTINEZ, | § | |
| TYRONE MCCORMICK, | § | |
| JASON TERRELL WHITE, | § | |
| REGINALD FORD, | § | |
| SANTANA GAMBLE, | § | |
| LEONARD EARNEST ROYSTER, | § | |
| JORGE LUIS REYES, | § | |
| ELROY QUINTERO, | § | |
| JOGINDER CHEEMA, | § | |
| LORENZO JACKSON, | § | |
| SAUL FALCON, and | § | |
| TONY GREGORY HILL, | § | |
| Defendants | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following:

Carroll Jerome Adams/ jadamslaw@alltel.net,
Veronica E. Brinson/ attorneybrinson@excite.com,
Richard R. Buckley, Jr./ buckley.lawoffice@mchsi.com
Charles L. Calhoun/ charles.calhoun@usdoj.gov, usagam.ecf@usdoj.gov; annette.evans@usdoj.gov
Charles E. Cox, Jr./ cecoxjr@cbi.mgacoxmail.com, staff@cbi.mgacoxmail.com
Fred I. Graham/ fglaw@cbi.mgacoxmail.com
Doye E. Green, Jr./ degreenjr@yahoo.com, legalgirl.ilean@yahoo.com
Bruce Steven Harvey/ JoyGeske@Yahoo.com,
Laura D. Hogue/ lauradhogue@bellsouth.net
Scott C. Huggins/ scott.huggins@ahwllp.com, scotthuggins@cox.net
Terry Jack Marlowe/ terrymarlowelaw@bellsouth.net
Michael J. Moore/ mjm@michaeljmoorepc.com,
Mark Tyson Phillips/ mtpatty@mchsi.com, ramona.higgs@mchsi.com
Reza Sedghi/ reza@rezasedghi.com.

I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the non-CM/ECF participant:

Torris Jerrel Butterfield
Suite 501
44 Broad Street
Atlanta, GA 30303

Respectfully submitted,

_____
s/R. DAVID BRYAN, LLC
Attorney at Law
State Bar No.. 091185
Attorney for Defendant, ANGEL MARTINEZ
211 N. Park Ave., P.O. Box 1979
Tifton, GA 31793-1979
Phone: (229) 387-8005
Fax: (229) 387-8007
email: david@rdavidbryan.com