/s/ Torris J. Butterfield
Torris J. Butterfield
Attorney at Law
State Bar No.: 100105
Attorney for Defendant, MICHAEL SHERROD KINSEY
The Grant Building
44 Broad Street
Suite 501
Atlanta, Georgia 30303
Phone: (404) 522-5056
Fax:     (404) 522-5016
Email:  butterfieldt@bellsouth.net

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| VS. | : CRIMINAL ACTION 5:07CR16(wdo) |
| | : |
| ANTHONY SEAN WALKER | : |
| MICHAEL SHERROD KINSEY | : |
| MARIO DEVICTOR WILSON | : |
| ANGEL MARTINEZ | : |
| TYRONE MCCORMICK | : |
| JASON TERRELL WHITE | : |
| REGINALD FORD | : |
| SANTANA GAMBLE | : |
| LEONARD EARNEST ROYSTER | : |
| JORGE LUIS REYES | : |
| ELROY QUINTERO | : |
| JOGINDER CHEEMA | : |
| LORENZO JACKSON | : |
| SAUL FALCON, and | : |
| TONY GREGORY HILL, | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing To the following:

Carroll Jerome /Adams/jadamslaw@alltel.net
Veronica E. Brinson/ attorneybrinson@excite.com
R. David Bryan, david@rdavidbryan.com
Richard R. Buckley, Jr./ buckley.lawoffice@mchsi.com
Charles L. Calhoun/ charles.calhoun@usdoj.gov, usagam.ecf@usdoj.gov; annette.evans@usdoj.gov
Charles E. Cox, Jr.,/ cecoxjr@cbi.mgacoxmail.com, staff@cbi.mgacoxmail.com
Fred I. Graham /fglaw@cbi.mgacoxmail.com
Doye E. Green, Jr./ degreenjr@yahoo.com, legalgirl.ilean@yahoo.com
Bruce Steven Harvey/ JoyGeske@Yahoo.com,
Laura D. Hogue/ lauradhogue@bellsouth.net
Scott C. Huggins/ scott.huggins@ahwllp.com, scotthuggins@cox.net
Terry Jack Marlowe/ terrymarlowelaw@bellsouth.net
Michael J. Moore/ mjm@michaeljmoorepc.com,
Mark Tyson Phillips/ mtpatty@mchsi.com, Ramona.higgs@mchsi.com
Reza Sedghi/ reza@rezasedghi.com.
Respectfully submitted,

10. Pursuant to Fed.R.Crim.P. 16(a)(1) Provision of Time, Date, and Place Alleged in Indictment. A statement from the prosecuting attorney identifying the exact and specific time, date and place, for each individual offense or portion thereof, if known or reasonably inferred, which the United States or prosecution contends the defendant committed the alleged offenses in the indictment.

11. Pursuant to Fed.R.Crim.P 16(a)(1) Provision of Any Other Relevant Evidence. Every item, identification, document, object, place, statement, report, and other potentially relevant evidence which is not specifically identified in the herein above motion for discovery by the defendant, but which is subject to discovery by the defendant.

12. BRADY MOTION. The defendant further moves that he be provided with all information and evidence in possession of the State or prosecution that may be materially favorable or exculpatory to defendant in either a direct or impeaching manner as required by Brady v. Maryland, 373 US 83 (1968), and Giglio v. US, 405 US (1972).

**WHEREFORE** the Defendant moves for an Order directing the Government to furnish the discovery and notices as above described.

This May 14, 2007,

Respectfully submitted,


/s/ Torris Butterfield
Torris J. Butterfield
Attorney at Law
State Bar No.: 100105
Attorney for Defendant, MICHAEL SHERROD KINSEY
The Grant Building
44 Broad Street
Suite 501
Atlanta, Georgia 30303
Phone: (404) 522-5056
Fax:    (404) 522-5016
Email:  butterfieldt@bellsouth.net

2. Pursuant to Fed.R.Crim.P. 16(a)(1)(B), a copy of prior criminal record of the defendant, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. Pursuant to Fed.R.Crim.P. 16(a)(1)(C), books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of the defense, or are intended for use by the government as evidence in the chief at the trial, or were obtained from or belong to the Defendant.

4. Pursuant to Fed.R.Crim.P. 16(a)(1)(D), the results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

5. Pursuant to Fed.R.Crim.P. 16(a)(1) Disclosure of a list of Government's witnesses and a copy of the indictment.

6. Pursuant to Fed.R.Crim.P 16(a)(1) Supplementation of the witness list. The United States Attorney shall promptly supplement the list of witnesses described in paragraph (a) above, and promptly identify all additional witnesses as they become known to the prosecution or United States Government.

7. Pursuant to Fed.R.Crim.P. 16(a)(1) Production of Witness Statements, the prosecuting attorney shall also produce for the defendant any statement of any witness that is in the possession, custody, or control of the United States or the prosecution that relates to the subject matter concerning the testimony of a witness that the party in possession, custody, or control that the United States or prosecution intends to call as a witness at trial or at such post-indictment pretrial evidentiary hearing.

8. Pursuant to Fed.R.Crim.P. 16(a)(1) Furnishment of Information on Witnesses, the prosecuting attorney shall furnish to defendant's counsel or an officer of the court, in confidence, the names, current locations, dates of birth, social security numbers, and telephone numbers, of that party's witnesses, unless from good cause the Court orders an exception to this requirement, in which event the defendant's counsel shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify.

9. Pursuant to Fed.R.Crim.P. 16(a)(1) Disclosure of Statements of Co-conspirators. Statements of co-conspirators that are attributable to the defendant and arguably admissible against the defendant at trial shall also be disclosed.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| VS. | : CRIMINAL ACTION 5:07CR16(wdo) |
| | : |
| ANTHONY SEAN WALKER | : |
| MICHAEL SHERROD KINSEY | : |
| MARIO DEVICTOR WILSON | : |
| ANGEL MARTINEZ | : |
| TYRONE MCCORMICK | : |
| JASON TERRELL WHITE | : |
| REGINALD FORD | : |
| SANTANA GAMBLE | : |
| LEONARD EARNEST ROYSTER | : |
| JORGE LUIS REYES | : |
| ELROY QUINTERO | : |
| JOGINDER CHEEMA | : |
| LORENZO JACKSON | : |
| SAUL FALCON, and | : |
| TONY GREGORY HILL, | : |
|     Defendants. | : |

## MOTION FOR REQUEST FOR DISCOVERY AND INSPECTION

COMES NOW the defendant, MICHAEL SHERROD KINSEY, by and through his attorney, Torris J. Butterfield, and files his motion for request for discovery and inspection of materials regarding such discovery, and in support of said motion would show the Court as follows:

I.

The Defendant, through the undersigned counsel and pursuant to Fed.R.Crim.P. 16, hereby requests the United States to permit counsel for defendant to inspect and copy or photograph the following items:

1.  Pursuant to Fed.R.Crim.P. 16(a)(1)(A), any relevant written or recorded statements made by defendant or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement made by defendant which the government intends to offer in evidence at the trial, whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and any recorded testimony of the defendant before a grand jury which relates to the offense charged.

1