Respectfully submitted,


/s/ Torris J. Butterfield
Torris J. Butterfield
Attorney at Law
State Bar No.100105
Attorney for Defendant, MICHAEL SHERROD KINSEY
The Grant Building
44 Broad Street
Suite 501
Atlanta, Georgia 30303
Phone: (404) 522-5056
Fax:    (404) 522-5016
Email:  butterfieldt@bellsouth.net

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| VS. | : CRIMINAL ACTION 5:07CR16(wdo) |
| | : |
| ANTHONY SEAN WALKER | : |
| MICHAEL SHERROD KINSEY | : |
| MARIO DEVICTOR WILSON | : |
| ANGEL MARTINEZ | : |
| TYRONE MCCORMICK | : |
| JASON TERRELL WHITE | : |
| REGINALD FORD | : |
| SANTANA GAMBLE | : |
| LEONARD EARNEST ROYSTER | : |
| JORGE LUIS REYES | : |
| ELROY QUINTERO | : |
| JOGINDER CHEEMA | : |
| LORENZO JACKSON | : |
| SAUL FALCON, and | : |
| TONY GREGORY HILL, | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing To the following:

Carroll Jerome /Adams/jadamslaw@alltel.net
Veronica E. Brinson/ attorneybrinson@excite.com
R. David Bryan, david@rdavidbryan.com
Richard R. Buckley, Jr./ buckley.lawoffice@mchsi.com
Charles L. Calhoun/ charles.calhoun@usdoj.gov, usagam.ecf@usdoj.gov; annette.evans@usdoj.gov
Charles E. Cox, Jr.,/ cecoxjr@cbi.mgacoxmail.com, staff@cbi.mgacoxmail.com
Fred I. Graham /fglaw@cbi.mgacoxmail.com
Doye E. Green, Jr./ degreenjr@yahoo.com, legalgirl.ilean@yahoo.com
Bruce Steven Harvey/ JoyGeske@Yahoo.com,
Laura D. Hogue/ lauradhogue@bellsouth.net
Scott C. Huggins/ scott.huggins@ahwllp.com, scotthuggins@cox.net
Terry Jack Marlowe/ terrymarlowelaw@bellsouth.net
Michael J. Moore/ mjm@michaeljmoorepc.com,
Mark Tyson Phillips/ mtpatty@mchsi.com, Ramona.higgs@mchsi.com
Reza Sedghi/ reza@rezasedghi.com.

## CONCLUSION

This court should issue an order directing the preservation of these materials. Preservation of them does not require the government to litigate, at this stage the Jencks Act question, nor the question of exculpatory evidence. It simply requires the preservation of the evidence in the status quo pending later substantive motions.

Defendant recognizes that there are time constraints on the production of Jencks Act Materials, but believes that the determination as to whether the notes are Jencks Acts material can only be done if those notes are preserved.

**WHEREFORE**, ALL PREMISES CONSIDERED, the Defendant prays this Honorable Court will grant his Motion.

This May 11, 2007,

Respectfully submitted,


/s/ Torris J. Butterfield
Torris J. Butterfield
Attorney at Law
State Bar No.100105
Attorney for Defendant, MICHAEL SHERROD KINSEY
The Grant Building
44 Broad Street
Suite 501
Atlanta, Georgia 30303
Phone: (404) 522-5056
Fax:    (404) 522-5016
Email:  butterfieldt@bellsouth.net

**(A) Statement of Defendant.** Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government , the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of defendant before a grand jury which relates to the offense charged. The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial. (emphasis added)

The government has provided to the defense (or will provide) numerous audio tapes and video tapes of the custodial interrogation of Mr. KINSEY at the time of his arrest. The government has also produced report summaries of Mr. KINSEY's oral statements. However, the government has to date not produced any other written notes, summaries or other written records of statements made by the defendant. Mr. KINSEY specifically requests the United States Attorney to interview each law enforcement agent who spoke with Mr. KINSEY in order to ascertain the substance and circumstance of all oral statements of Mr. KINSEY and the existence of any notes of those interviews. These rough notes should include the products of interviews with KINSEY and witnesses. These notes can contain relevant evidence, both of an exculpatory nature, and can provide relevant information in the determination of pre-trial motions. Of particular importance in this case are notes pertaining to the custodial statements of Mr. KINSEY. Those notes would be directly discoverable as statements of the defendant and can also provide relevant information as to the circumstances and voluntariness of that interview. Additionally, the notes of interviews of other individuals may constitute Jencks Act materials.

Should the government assert that these materials are not Jencks Act materials, the procedure is for the court to review the notes in camera. U.S. v. Johnson, 521 F.2d 1318 (9th Cir. 1975) at pg. 1319 and 1320. This approach is confirmed in United States v. Pisello, 877 F.2d 762 (9th Cir. 1989), where the procedure is set forth. Pisello recognizes that not all notes are Jencks Act materials and that the District Court must make that conclusion.

Therefore, the government should be directed to instruct all of its agents to preserve those hand-written notes. Only upon preservation of these notes, can the subsequent decision as to the possible discovery of those notes as either Jencks Act materials or Brady materials take place. Should the agents in the interim destroy those notes there is no way to reevaluate whether or not, had they been preserved, that they should have been disclosed.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CRIMINAL ACTION 5:07CR16(wdo) |
| | : | |
| ANTHONY SEAN WALKER | : | |
| MICHAEL SHERROD KINSEY | : | |
| MARIO DEVICTOR WILSON | : | |
| ANGEL MARTINEZ | : | |
| TYRONE MCCORMICK | : | |
| JASON TERRELL WHITE | : | |
| REGINALD FORD | : | |
| SANTANA GAMBLE | : | |
| LEONARD EARNEST ROYSTER | : | |
| JORGE LUIS REYES | : | |
| ELROY QUINTERO | : | |
| JOGINDER CHEEMA | : | |
| LORENZO JACKSON | : | |
| SAUL FALCON, and | : | |
| TONY GREGORY HILL, | : | |
|     Defendants | : | |

**MOTION FOR ORDER DIRECTING PRESERVATION OF
AND PRODUCTION OF (IN CAMERA IF NECESSARY)
NOTES OF ALL INVESTIGATIVE AND LAW ENFORCEMENT
OFFICERS AS POSSIBLE JENCKS ACT MATERIAL**

    COMES NOW the defendant, MICHAEL SHERROD KINSEY, by and through his attorney, Torris J. Butterfield, and files this motion for order requiring the government to preserve the investigative notes of all law enforcement agencies and officers involved in this case of interviews of the defendant, and any other perspective government witnesses, and in support of said motion would show the Court as follows:

1.

    This request is made pursuant to Fed.R.Crim.P. 16 and the holding in the United States v. Harris, 543 F.2d 1247 (9th Cir. 1976).

Federal Criminal Rule 16(a)(1)(A) reads in pertinent part as follows:

**Rule 16. Discovery and Inspection**
**(a) Governmental Disclosure of evidence.**
**(1) Information Subject to Disclosure.**

1