IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                                     CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
    Defendants

## MOTION FOR DISCLOSURE OF 404(B) EVIDENCE

COMES NOW the defendant, SANTANA GAMBLE, by and through his attorney, Richard R. Buckley, Jr. and files this motion for disclosure of 404(b) evidence, and in support of said motion would show the Court as follows:

(1)

That the Defendant, SANTANA GAMBLE, pursuant to Federal Rule of Evidence 404(b) and to Amendments V, VI, and VIII, United States Constitution, and respectfully moves this Court to require the government to provide notice within the next thirty (30) days of its intention to offer evidence of other crimes, wrongs, or bad acts allegedly committed by the accused, and to disclose the facts and circumstances underlying such evidence.

Federal Rule of Evidence 404(b), in conjunction with Rule 403, regulates the admissibility of evidence of other crimes, wrongs, or bad acts allegedly committed by the defendant or others in the course of his trial on the instant charges. Rule 404(b) "has emerged as one of the most cited Rules in the Rules of Evidence." Commentary to 1991 Amendment of Rule 404(b), Federal Criminal Code and Rules, 231 (1991 Rev. Ed.).

When such evidence is offered at trial, extensive litigation usually ensues. The issue as to whether or not the evidence serves a legitimate purpose, or whether it serves instead illegitimately to prove a criminal propensity or general bad character, is usually hotly contested. Equally controversial is the judgment the court has to make as to whether or not any legitimate probative value outweighs the serious risk of unfair prejudice. An erroneous determination of the admissibility of such evidence may well be reversible error, and, in some cases, creates error of constitutional magnitude. See, e.g., Walker v. Engle, 703 F.2d 959 (6th Cir. 1983); Bryson v. Alabama, 634 F.2d 862 (5th Cir. 1981).

Most courts and commentators have recognized the desirability of requiring the

proponent of such evidence to give pretrial notice of the intent to introduce it, so that litigation can occur before jeopardy attaches. Not only does this facilitate litigation of the issues, but it also provides the person against whom such evidence may be admitted with a fair opportunity to prepare to meet the impact of other uncharged offense evidence. United States v. Foskey, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980); Imwinkelried, Uncharged Conduct Evidence § 906 (1984) & 1987 (Cumulative Supplement). This view became a part of Rule 404(b) with the adoption of an amendment effective on December 1, 1991. The rule now conditions admissibility of such evidence upon government disclosure. If other crime evidence is otherwise admissible, it may be introduced --provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Federal Rule of Evidence 404(b). The purpose of the amendment is "to reduce surprise and promote early resolution of the issue of admissibility." Commentary, supra at 231. Pretrial disclosure upon request is required, regardless of when or how the government intends to use the evidence at trial. "The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Commentary, supra at 231.Because admissibility is conditioned upon the provision of satisfactory pretrial notice, "the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Commentary, supra at 231.

The failure to provide pretrial disclosure of other crimes evidence in this case would impair defendant's rights to due process of law, to the effective assistance of counsel, to confront witnesses against him, and to compel the presence of witnesses in his own behalf, all in violation of his Fifth and Sixth Amendment rights under the United States Constitution. Moreover, the surprise introduction of such evidence without sufficient pretrial notice would impair his right to a full and fair hearing, rendering any subsequent conviction and sentence violative of the Eighth Amendment to the United States Constitution.

WHEREFORE, for the reasons stated herein and for such other reasons as may appear to the Court, defendant asks that his Motion to Require Disclosure of 404(b) Evidence be granted, and that the accompanying proposed Order be entered.

Dated: April 24, 2007.

Respectfully submitted,


S/ Richard R. Buckley, Jr.
S/ RICHARD R. BUCKLEY, JR.
State Bar No.. 092905
Attorney for Defendant, SANTANA GAMBLE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:   (229)-387-7124
Email: buckley.lawoffice@mchsi.com

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                           CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
    Defendants

ORDER FOR DISCLOSURE OF 404(B) EVIDENCE

    Upon consideration of defendant Gamble's Motion to Require Disclosure of 404(b) Evidence, of any Opposition thereto, and of any Reply, it is hereby ORDERED that the Motion be, and hereby is, GRANTED;

    And it is FURTHER ORDERED that the government shall serve notice of its intent to introduce at defendant's trial evidence of any other crimes, wrongs, or bad acts allegedly committed by defendant, pursuant to Federal Rule of Evidence 404(b), along with a specification of the facts underlying such evidence, within thirty (30) days of the date this Order is issued;

    And it is FURTHER ORDERED that the duty to provide notice of intent to introduce, and specification of, evidence under 404(b) is a continuing one, which the government shall fulfill by disclosing any additional 404(b) evidence and the facts and circumstances underlying it as soon as practicable after learning of such evidence, but in no event later than forty-five (45) days prior to trial;

    And it is FURTHER ORDERED that other 404(b) evidence of which the government learns for the first time subsequent to such date shall be immediately brought to the attention of the defendant and the court, and the government shall, if it seeks to introduce such evidence, provide a motion in limine explaining when it first learned of the evidence, setting forth a summary of the evidence and underlying facts, and identifying the bases upon which the government asserts it can be admitted, prior to any such evidence being referred to, offered, or elicited during trial.

DATED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:  (