IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION


UNITED STATES OF AMERICA

VS.                                                    CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
        Defendants

## DEFENDANT'S REQUEST FOR EXCULPATORY BRADY MATERIAL

        COMES NOW the defendant, SANTANA GAMBLE, by and through his attorney,
Richard R. Buckley, Jr. and files this motion for the disclosure of exculpatory Brady material,
and in support of said motion would show the Court as follows:


(1)
        Comes now the defendant, SANTANA GAMBLE, by and through counsel, and
respectfully requests the prosecutor to furnish copies and/or the opportunity to copy any and all
exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs,
427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), Kyles v. Whitley, ___ U.S.
____, 115 S.Ct. 155, 131 L.Ed.2d 490 (1995) and their progeny.


        More specifically, the defendant asks this Honorable Court to require the prosecutor
prior to trial to produce or to provide an opportunity to inspect any evidence, material, or
information within possession, custody or control of the prosecutor, or that by the exercise of
reasonable diligence may be obtained by the prosecutor, including any information in the
possession of any investigative agencies, that is favorable to or exculpates the defendant in any
way; that tends to establish a defense in whole or in part to the allegations in the indictment; that
impeaches any witness the state intends to call; or that may help the defendant avoid conviction
or mitigate punishment.


        In making this request, counsel respectfully asks this Court to take note that the
Supreme Court of the United States in Kyles v. Whitley, Id., has placed the burden of producing
exculpatory evidence squarely on the prosecution, whether or not that information is contained
within the files of the prosecution or not. As the Court held in Kyles v. Whitley:
This in turn means that the individual prosecutor has a duty to learn of any favorable evidence
known to the others acting on the government's behalf in the case, including the police . . . the

prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable  Id. at 115 S.Ct. 1567-1568.

Counsel further asks the Court to note that a prosecutor concerned with the essential fairness of a criminal prosecution will disclose information about which the prosecutor might be in some doubt. "This means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence.  Id. at 1568.

The defendant's request for such information includes, but is not limited to, the following: (1) Any evidence, material or information that would tend to impeach the credibility of any person whom the government intends to call as a witness or any individual upon whom the prosecution has relied in the investigation and prosection of its case. See, Kyles v. Whitley, _____ U.S. _____, 115 S.Ct. 155, 131 L.Ed.2 490 (1995)(The Brady obligation to disclose impeachment evidence extends to non-witnesses ['Beanie'] as well as witnesses); U.S. v. Bagley, 473 U.S. 667 (1985); Mills v. Scully, 653 F. Supp. 885 (S.D.N.Y. 1987), rev'd on other grounds, 826 F.2d 1192 (2d Cir. 1987). These individuals include but are not limited to:

### [ADD NAMES OF SPECIFIC POTENTIAL WITNESSES]

(a) Any record of the witness' arrest or conviction maintained and prepared by the Federal Bureau of Investigation, the Drug Enforcement Administration, other federal law enforcement agencies, the Nashville City Police Department, the Berrien County Sheriff Department, the Georgia State Highway Patrol, the State Bureau of Investigation, or other state law enforcement agencies, including but limited to any Drug Task Force.

(b) Any facts or allegations concerning criminal or other misconduct of the witness that is not reflected on his criminal record including any material information found in his probation file or any pending criminal charge or investigation against the witness or any business entity with which he is connected. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989) (probation file must be produced if material and relevant).

(c) Any information relating to the witness' mental or physical history that tends to impair or reflect adversely on the reliability of the witness, including but not limited to any information that would tend to affect the witness' motive to testify or ability to perceive, recall, or understand events.

(d) Any statements made, written or recorded, by or of the witnesses referred or relating to any of the above-mentioned matters.

(e) Any information that tends to contradict the testimony that the prosecutor anticipates will be given by any of its witnesses. See McDowell v. Dixon, 858 F.2d 945 (4th Cir. 1988), cert. denied, 489 U.S. 1033 (1989) (state witness misidentified the defendant before trial and it should have been revealed).

(f) Any information showing that the testimony was motivated in any degree by a personal animosity or feelings of revenge toward the defendant. E.g., State v. Brown, 552 S.W.2d 383 (Tenn. l977).

(g) Any information concerning any government witness's failure (especially repeated failure) of a lie detector test. Carter v. Rafferty, 826 F.2d 1299 (3d Cir. 1987), cert. denied, 484 U.S. 1011 (1988) (star witness incapable of telling the truth because he failed numerous lie detector tests

and this must be revealed to the defense). But see, Wood v. Bartholomew, ___ U.S. ____ (1995).

(2) Any and all statements, testimony, memoranda, interviews, documents or summaries, relating to this case, or any portion thereof, by any person, that contradict, in whole or in part, any statement (by that person or any other person) that the Prosecutor intends to use or rely on in any manner in connection with the trial of this cause. Kyles v. Whitley, ____ U.S. _____ (1995), 115 S.Ct. 155, 131 L.Ed.2d 490.

(3) All evidence that tends to minimize or negate the probative effect of the prosecutor's evidence of defendant's participation in the allegation set forth in the indictment. See United States ex rel. Smith v. Fairman, 769 F.2d 386 (7th Cir. 1985) (report revealed gun allegedly used by defendant was inoperable).

(4) Any evidence, statement, or information in the possession of the prosecutor describing or relating to the conduct of the defendant that in any way refutes or is inconsistent with his participation in the alleged offenses, including but not limited to the following:

(a) Any written, recorded, or oral statements or comments made by witnesses or others to any person, including government agents and the Grand Jury, that are favorable to the defendant, including but not limited to **[specifics of particular case];**

(b) Any written, recorded or oral statements or comments of persons interviewed by the government in this matter who are not expected to be witnesses for the government at the trial;

(c) Any results, reports, and opinions obtained from examinations, tests, and experiments on physical items and evidence that indicate a lack of criminal involvement or otherwise favorable to the defendant, including but not limited to **[specifics of particular case]**;

(d) Any evidence, statement or information that tends to contradict the testimony that the government anticipates will be given by any one of its witnesses. United States v. Foster, 874 F.2d 491 (8th Cir. 1988) (prosecutor failed to correct false testimony which was a violation of due process); Brown v. Wainwright, 785 F.2d 1457 (11th Cir. 1986).

(e) Any evidence relating to searches and seizures, electronic or otherwise, that would make any search or seizure illegal. (5) Any promises, agreements, or deals offered by the government concerning rewards, special treatment or immunity to witnesses or others involved in this case. Bagley v. United States, 473 U.S. 667 (1985).

(a) Any evidence that any government witness has or has sought a financial inducement to testify or a promise of leniency in witness's own criminal dealings. Bagley v. Lumpkin, 798 F.2d 1297 (9th Cir. 1986), cert. denied, 434 U.S. 939 (1977); Moynahan v. Manson, 419 F. Supp. 1139 (D. Conn. 1976), aff'd, 559 F.2d 1204 (2d Cir. 1977); Hughes v. Bowers, 711 F. Supp. 1574 (N.D. Ga. 1989), aff'd, 896 F.2d 559 (llth Cir. 1990).

(6) Any written or oral statement and/or confession made by the defendant which is unknown to defense counsel. See Prosecutor of Virgin Islands v. Martinez, 780 F.2d 302 (3d Cir. 1985).

(7) Any information about any eyewitness for whom the prosecution has a name and/or address but whom the prosecutor does not intend to call. Kyles v. Whitley, ____ U.S. ____ 115 S.Ct. 115, 131 L.Ed.2d 490 (1995); United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

(8) Any statement or testimony by an expert which would tend to corroborate the defendant's theory of defense. People v. Johnson, 38 Cal. App. 3d 228, 113 Cal. Rptr. 303 (1974).

(9) Any information which would tend to lessen the impact of the Sentencing Guidelines on the defendant in the event of a conviction, including but not limited to the role in the offense, lesser quantities, ignorance of the true scope of any conspiracy and any evidence of acceptance of responsibility.

WHEREFORE, it is respectfully requested that this Motion for Exculpatory Brady Material be granted.

This April 24, 2007.

Respectfully submitted,


S/ Richard R. Buckley, Jr.
S/ RICHARD R. BUCKLEY, JR.
State Bar No.. 092905
Attorney for Defendant, SANTANA GAMBLE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:  (229)-387-7124
Email: buckley.lawoffice@mchsi.com

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                            CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
        Defendants

ORDER GRANTING DEFENDANT GAMBLE' S MOTION
FOR DISCLOSURE OF EXCULPATORY BRADY MATERIAL

        Upon consideration of defendant SANTANA GAMBLE's Motion for disclosure of
Exculpatory Brady Material, and of any Reply, it is hereby ORDERED that the Motion be, and
hereby is, GRANTED;

        And it is FURTHER ORDERED that the defendant, SANTANA GAMBLE, motions for
disclosure of exculpatory Brady material is hereby granted, and that the Government shall
supply and satisfy the same.
        .

DATED this _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:   (229)-387-7124
Email: buckley.lawoffice@mchsi.com