IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                        CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
    Defendants

MOTION FOR IMPEACHING INFORMATION AND FOR PRODUCTION OF NAMES
AND LOCATIONS OF CONFIDENTIAL INFORMANTS AND BRIEF IN SUPPORT

    COMES NOW the defendant, SANTANA GAMBLE, by and through his attorney, Richard R. Buckley, Jr. and files this motion IMPEACHING INFORMATION and for production of the location and name of the confidential informant in this case, and in support of said motion would show the Court as follows:

(1)

    Undersigned counsel has reason to believe that the Government may try to introduce this evidence at trial and further believes that this person may have dealt directly with Mr. GAMBLE. In order to fully prepare the defense, counsel for Mr.GAMBLE requests that the Government be ordered to disclose the confidential informant's name and location. The location of the informant is also required to assure that he can be subpoenaed for trial in this matter.

AUTHORITY

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court set forth a balancing test for determining when disclosure of the identity of the confidential informant is required. This test looks at the particular circumstances of each case and considers the crime charged, possible defenses, the possible significance of the informer's testimony, and other relevant factors. Id., at 62.

    Cases in this Circuit often have focused on two factors to determine whether the disclosure of a confidential informant is required in a particular case: the extent to which the informant has participated in the activity, and the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant. United States v. Kerris, 748 F.2d 610, 613-14 (11th Cir. 1984). Once a defendant has shown the importance of a confidential informant to his defense, the Government cannot hide the informant to prevent the defendant

from calling him as a witness at trial. See United States v. Godkins, 527 F.2d 1321, 1326-27 (5th Cir. 1976).

Therefore, once the defendant has shown the need for the informant to properly assert a particular defense, a court should permit access to that informant for purposes of interviewing and obtaining possible testimony. In the present case, Mr.GAMBLE needs the location of the confidential informant involved in this investigation. To fully protect against inadvertent pre-trial disclosure of the particulars of his defense, Mr. GAMBLE requests an in camera hearing concerning this matter. Mr. GAMBLE requests that the Court hear from counsel for each side separately concerning the need for disclosure and access to the confidential informant. Such an in camera proceeding has long been accepted as a method for weighing the factors involving possible disclosure of and access to a confidential informant. See Alderman v. United States, 394 U.S. 165, 182 n. 14 (1969); United States v. Fischer, 531 F.2d 783, 788 (5th Cir. 1976).
At the in camera hearing on his motion, Mr. GAMBLE will make a proffer to the Court concerning his need for the identity of and access to the confidential informants. Once that proffer has been made, Mr. GAMBLE respectfully submits that the Court order the Government to disclose the location of the confidential informant involved in this case.

The Defendant has moved for disclosure of "impeaching information", in order to protect his rights to a fair trial.

**A. The Duty of Disclosure**
Due process prevents the Government from suppressing evidence favorable to the accused, either as to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83 (1963). Brady, supra, teaches that due process requires, at an appropriate time, production of evidence which is materially favorable to the accused, either as direct or impeaching evidence. Williams v. Dutton, 400 F.2d 797, 800 (5th Cir. 1968), cert. denied, 393 U.S. 1105; Mooney v. Holohan, 294 U.S. 103 (1935); Pyle v. Kansas, 317 U.S. 213 (1942). This requirement of candor by the sovereign encompasses information bearing upon the credibility of its witnesses as well as matters material to the issues of guilt or punishment. Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. United States, 405 U.S. 150 (1972); Williams v. Dutton, supra. As stated by the Supreme Court in Napue v. Illinois, supra, at 269:
The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.
Moreover, in this federal prosecution, the Court's supervisory power to safeguard "the correct administration of justice in the federal courts" reinforces the due process requirement of disclosure. United States v. Consolidated Laundries Corp., 291 F.2d 563, 571 (2d Cir. 1961); United States v. Miller, 411 F.2d 825, 832 (2d Cir. 1969). See generally, Communist Party of the United States v. S.A.C.B., 351 U.S. 115, 124 (1956).
**B. Pretrial Disclosure is Necessary**
Disclosure of information impeaching the credibility of witnesses must be timed to enable effective preparation for trial. United States v. Polisi, 416 F.2d 573, 578 (2d Cir. 1969); United States v. Baxter, 492 F.2d 150, 173-174 (9th Cir. 1973); cert. denied, 416 U.S. 940 (1974). As pointed out in United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir. 1976), cert. denied, 429 U.S. 924 (Lumbard, J., sitting by designation):
Disclosure by the government must be made at such a time as to allow the defense to sue the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure.Indeed, even when the favorable information takes the form of a witness statement otherwise protected from pretrial discovery by the Jencks Act

(18 U.S.C. §3500), the prosecution must nonetheless disclose it as far in advance of trial as Due Process may practically require for the defense to make fair use of it. E.g., United States v. Narciso, 446 F.Supp. 252, 270-71 (E.D. Mich. 1976); United States v. Houston, 339 F.Supp. 762, 765-66 (N.D. Ga. 1972); United States v. Eley, 335 F.Supp. 353, 358 (N.D. Ga. 1972); United States v. Gleason, 265 F.Supp. 880, 887 (S.D. N.Y. 1967), cert. denied, 409 U.S. 888 (1972). Compare United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979). Brady supra, overrides the Jencks Act, on the timing of production where lack of pretrial discovery results in prejudice to the defendant "of a substantial character". Harris v. United States, 458 F.2d 670, 677 (5th Cir. 1971), cert. denied, 409 U.S. 888 (1973); United States v. Felts, 497 F.2d 80, 82 (5th Cir.), cert. denied, 419 U.S. 1051 (1974); United States v. Kaplan, 554 F.2d 577, 579-80 (3d Cir. 1977).

Indeed, pretrial disclosure is required in the interest of justice. It is recognized that even Jencks disclosure before trial "is a salutary practice and we encourage it". United States v. Murphy, 569 F.2d 771, 774 (3d Cir. 1978), cert. denied, 435 U.S. 955 (1978).

Significantly, this pretrial motion does not call upon the Court to overturn a conviction or to weigh such questions as materiality and prejudice in retrospective review of a trial record, the usual vantage point of the appellate decisions. See United States v. Five Persons, 472 F.Supp. 64, 68 (D.N.J. 1979). Rather, the Court must prospectively decide under Brady whether "the subject matter of the [specific] request if material, or indeed if a substantial basis for claiming materiality exists." United States v. Agurs, 427 U.S. 97, 106 (1976). Furthermore, the Court must also prospectively decide under Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure whether the request embraces matter which is "material to the preparation of [the] defense." As to Rule 16(a)(1)(C), one court noted the special materiality of impeaching information:

". . . aside from outright exculpatory items, it is difficult to imagine information more material to the preparation of the defense than credibility items for critical or major government witnesses." United States v. Five Persons, 472 F.Supp. 64, 67 (D.N.J. 1979).

Numerous district courts have ordered such discovery both before and after the 1975 amendments which further liberalize Rule 16. Eg. United States v. Thevis, 84 F.R.D. 47 (N.D. Ga. 1979); United States v. Five Persons, 472 F.Supp. 64 (D.N.J. 1979); United States v. Goldman, 439 F.Supp. 337, 349 (S.D. N.Y. 1977); United States v. Dillard, 419 F.Supp. 1000, 1001 (N.D. Ill. 1976); United States v. Deutsch, 373 F.Supp. 289, 290-91 (S.D. N.Y. 1974); United States v. Quinn, 364 F.Supp. 432, 440 (N.D. Ga. 1973); United States v. Houston, 339 F.Supp. 762, 764 (N.D. Ga. 1972); United States v. Eley, 335 F.Supp. 353, 355-58 (N.D. Ga. 1972);United States v. Ahmad, 53 F.R.D. 186, 193-94 (M.D. Pa. 1971); United States v. Gleason, 265 F.Supp. 880, 884-87 (S.D. N.Y. 1967).

Even assuming due process itself does not require disclosure, the ends of judicial economy, careful trial preparation and clarity of evidentiary presentation will be greatly benefitted by pretrial production of the requests we make here. If such disclosure is delayed until the eve of trial, the Defendant may find himself unprepared or the Government may inadvertently forget items it is required to produce as a result of nothing more than the crush of last-minute details. The Defendant would then be required to cry "foul" or claim prejudice, and delay the procession of trial activities increasing the length of the trial.

We submit, these possibilities can be obviated by permitting disclosure now.

**C. The Scope of Impeachment Evidence Requested**

Wigmore has defined the process of impeaching testimonial evidence as the general logical process of explaining or discrediting the assertions of a witness by reference to the "human element in [the] testimony:"

But A's assertion that a street lamp was lighted at a given time or place is generally of a piece with hundreds of thousands of former evidential data, viz, it is a human assertion, resting for credit on human qualities. The human element in this testimony is an element in common, running through the vast mass of prior human testimonies. And even though human beings

differ, yet their differences also are generic, each on a vast scale. Moral character, bias, experience, powers of perception in light and dark, powers of memory after a lapse of time, susceptibility to falsify under torture, - these and other qualities have been under observation in so many thousands of instances under varying conditions that we have built up generalizations (more or less correct or uniform), which pass for general truths (or at least, as working guides) on those subjects. In short, we possess a fund of general principles, applicable to specific instances of this class of evidence, and almost totally lacking for specific circumstantial evidence. (Emphasis in original).

3 Wigmore, Evidence, §587 at 362-63 (3d ed. 1940). We are concerned with gaining adequate information regarding these "general principles" of crediting and discrediting witnesses. McCormick has identified "five main lines of attack upon the credibility of a witness:"
There are five main lines of attack upon the credibility of a witness. The first, and probably the most effective and most frequently employed, is an attack by proof that the witness on a previous occasion has made statements inconsistent with his present testimony. The second is an attack by showing that the witness is biased on account of emotional influences such as kinship for one party or hostility to another, or motives of pecuniary interest, whether legitimate or corrupt. The third is an attack upon the character of the witness, The fourth is an attack by showing a defect of capacity in the witness to observe, remember or recount the matters testified about. The fifth is proof by other witnesses that material facts are otherwise than as testified to by the witness under attack.

McCormick, Evidence, §33 at 66 (2d ed. 1972).

As can be seen, impeachment is not limited to discrediting ones character for veracity. 3 Wigmore, Evidence, §874 at 362 n.1 (3d ed. 1940). Nor is the process limited to cross-examination. Extrinsic evidence showing bias, for example, may be elicited. Eg., Johnson v. Brewer, 521 F.2d 556, 562 & n.13 (8th Cir. 1975).
With these general principles in mind, we address ourselves to the specifics of this Motion.

## II.
## SPECIFIC REQUESTS FOR DISCLOSURE

To help focus the duty of disclosure, Defendant has itemized likely sources of impeaching information which may be within the knowledge of the prosecution:

**Item 1.** Defendant's request for information regarding prior felony convictions and juvenile adjudications invokes a classic avenue of impeachment which appears directly within the ambit of Rule 609 of the Rules of Evidence. The Conference Committee Report to that rule speaks in terms of "the need for the trier of the fact to have as much relevant evidence on the issue of credibility as possible." H.R.Rep. 93-1597, 93d Cong., 2d Sess. 9 (1974). See generally, Beaudine v. United States, 368 F.2d 417, 421-22 (5th Cir. 1966). The inclusion of "guilty verdicts" in the request results from decisions authorizing their use, even though not reduced to judgment, for purposes of impeachment. United States v. Caraday, 466 F.2d 1191 (9th Cir. (1972) (per curiam); United States v. Rose, 541 F.2d 750 (8th Cir. 1976). Thus, disclosure is plainly in order. See, eg. United States v. Quinn, 364 F.Supp. 432, 445 (N.D. Ga. 1973) affirmed on other ground, 514 F.2d 1250 (5th Cir. 1975); United States v. Moceri, 359 F.Supp. 431, 435 (N.D. Ohio 1973); United States v. Leta, 60 F.R.D. 127, 131 (M.D. Pa. 1973); United States v. Leichtfuss, 331 F.Supp. 723, 736 (N.D. Ill. 1971). For convenience it should also extend to production of any and all so-called "rap sheets" for the witness.

**Item 2.** The Federal Rules of Evidence grant the Court discretion to permit a defendant to cross-examine a witness regarding specific instances of misconduct (so-called "bad acts") even though such behavior does not amount to felony conviction, if the evidence impeaches the witness' credibility. Rule 608(b), Federal Rules of Evidence. The purpose of such testimony is to attack the witness' character for truthfulness, and not to establish bias, interest, or prejudice. See,

McCormick, Evidence, §42 at 83 (2d ed. 1972). Since this is a permissible area of inquiry, the prosecution must disclose to the defense any behavior of its witnesses which may reasonably be construed as such "bad acts".

**Item 3.** The Government has a constitutional obligation to disclose any and all consideration which it has held out to a witness or which the witness anticipates, since such consideration directly invokes an inference of bias or interest. See generally, United States v. Mayer, 556 F.2d 245, 248 (5th Cir. 1977). A common example of such matter which must be disclosed to the defense is the making of promises or the holding out of other inducements for a witness to cooperate and testify against the Defendant. See, eg., United States v. Baskes, 649 F.2d 471, 476 (7th Cir. 1980); United States v. Esposito, 523 F.2d 242, 248 (7th Cir. 1975), cert. denied, 425 U.S. 916 (1976); United States v. Harris, 498 F.2d 1164, 1168 (3d Cir.), cert. denied, 419 U.S. 1069 (1974); United States v. Tashman, 478 F.2d 129 (5th Cir. 1.973); United States v. Harris, 462 F.2d 1033 (10th Cir. 1972). In Giglio vs. United States, 405 U.S. 150 (1972), the Supreme Court made plain that this is an affirmative duty which the Government must discharge responsibly, and that the ignorance of one prosecutor about the promises made to a government witness by another prosecutor does not excuse the failure to disclose. In the instant case, the prosecution is obliged to make appropriate inquiry and search to determine what consideration, broadly defined, it has offered to or bestowed upon its witnesses; including, but not limited to, any beneficial treatment in the tax realm, not being charged as a co-conspirator, or any other area related in this Motion.

**Items 3 and 4.** In addition to promises of consideration which might promote a witness' cooperation with the Government, the Defendant is entitled to be advised of any matter which might cause a witness to color his testimony in favor of the Government out of fear, or interest in self-preservation. In this regard, sometimes it is overlooked that evidence of wrongdoing, even though not amounting to a felony conviction of comparable evidence of moral turpitude or bad character, may nonetheless be adduced when relevant to show the bias or self-interest of the witness. McCormick, Evidence, §40 at 78-80 (2d ed. 1972). Typical of this category is information concerning the witness' possible vulnerability to prosecution, parole or probation revocation, or other sanction by the Government. See, eg., United States v. Sutton, 542 F.2d 1239 (4th Cir. 1976) (threat by FBI agent to prosecute witness intended to induce witness' cooperation). In United States v. Bonanno, 430 F.2d 1060 (2d Cir. 1970), cert. denied, 400 U.S. 964 (1971), the Court condemned the government's failure to disclose an outstanding indictment against its witness since the pendency of the charge would have shown "possible motivation of the witness to testify favorably for the Government." 430 F.2d at 1062. Similarly, in United States v. Padgent, 432 F.2d 701 (2d Cir. 1970), the Court reversed the defendant's conviction on the ground that his counsel had been denied the right to question a government witness on cross-examination with regard to the witness' vulnerability to indictment for bail jumping. See also, United States v. Crumley, 565 F.2d 945, 949-50 (5th Cir. 1978); United States v. Gerard, 491 F.2d 1300, 1304 (9th Cir. 1974); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965). Motivations other than fear of criminal sanctions are also material. See, e.g., United States v. Aleman, 609 F.2d 298, 307 (7th Cir. 1979), cert. denied, 445 U.S. 946 (1980); United States v. Haderlein, 118 F.Supp. 346 (N.D. Ill. 1953) (threat to revoke citizenship). Thus, the prosecution should disclose such sources of bias or interest as potential financial reward by the United States, Wheeler v. United States, 351 F.2d 946 (1st Cir. 1965) or, on the other hand, civil tax liability to the United States - even though in either event no promises of consideration may have been made. See also, United States v. Clark, 649 F.2d 534, 543 (7th Cir. 1981). The mere fact of a witness' imprisonment would qualify, since he might well be affected by fear or favor growing out of his detention. Alford v. United States, 282 U.S. 687, 693 (1931). See also, United States v. Garcia, 531 F.2d 1303, 1306-07 (5th Cir.), cert. denied, 429 U.S. 941 (1976). The witness' expectations, hopes, or fears are controlling.

**Item 5.** The existence and identification of each occasion on which the witness has testified, or otherwise narrated the facts, should be disclosed so that Defendant can order transcripts of

testimony for use in cross-examination or can investigate sources of extrinsic impeachment, for example. McCormick points out that:

When a witness testified to the facts material in a case the opponent may have available proof that the witness has previously made statements that are inconsistent with his present testimony. Under a modern view of the hearsay rule, these previous statements would be admissible as substantive evidence of the fact stated.

McCormick, Evidence, §34 at 67 (2d ed. 1972). See also, Rules 801(d)(1) and 806, Federal Rules of Evidence. If the Government has available information which may lead to proof of prior inconsistent statements or other evidence helpful to the accused, fundamental fairness requires that it be turned over to the defense. Davis v. Heyd, 479 F.2d 446 (5th Cir. 1973) (writ granted where undisclosed prior statements of state witness corroborated defense theory and contradicted his testimony at trial). See also, Monroe v. Blackburn, 607 F.2d 148 (5th Cir. 1979); United States ex rel. Butler v. Maroney, 319 F.2d 622 (3d Cir. 1963).

This pretrial Motion is not directly concerned with prior statements which may be producible only at trial because of the "Jencks Act", 18 U.S.C. §3500, or because the statements may be used to refresh the recollection of a witness. Bradford v. United States, 271 F.2d 58 (9th Cir. 1959). Rather, we primarily seek identification whether such statements exist and pretrial disclosure of statements not "in the possession of the United States," 18 U.S.C. §3500(a), or not made "to an agent of the Government," id., so that the statements may be obtained from other sources. The Government should identify the sources of information which will allow Defendant to make his own pursuit of justice. See, e.g., Britt v. North Carolina, 404 U.S. 226 (1971) (indigent defendant entitled to free transcript, or adequate transcript substitute of prior trial).

**Item 6.** If the witness is an informer, accomplice, or co-conspirator, the Defendant should also be advised of all occasions, known to the Government, on which the witness has previously testified. As to such crucial and inherently suspect witnesses, the Defendant must have the greatest possible latitude in investigation as well as cross-examination. United States v. Mayer, 556 F.2d 245, 248-49 (5th Cir. 1977); United States v. Alvarez-Lopez, 559 F.2d 1155, 1160 (9th Cir. 1977); Johnson v. Brewer, 521 F.2d 556 (8th Cir. 1975).

The same capability to assess all prior testimony of expert witnesses is also necessary if there is to be true confrontation and cross-examination. McConnell v. United States, 393 F.2d 404 (5th Cir. 1968) (defendant entitled to impeach handwriting expert by showing mistaken identification at another, albeit related, trial).

**Item 7.** It has been held that, where a Government employee serves as a prosecution witness, the defendant is entitled to have access to his or her government personnel file in order to ascertain whether there is information within it which could be of an impeaching nature. United States v. Austin, 492 F.Supp. 502 (D.C. Ill. 1980); United States v. Deutsch, 475 F.2d 55, 58 (5th Cir. 1973); Renshaw v. Ravert, 82 F.R.D. 361, 363-64 (E.D. Pa. 1979). Similarly, in United States v. Morell, 524 F.2d 550 552-55 (2d Cir. 1975), the Court of Appeals held that the defendant was entitled to impeaching information from the confidential file of an informant witness.

This Motion is directed to files to which the Government has access. As to personnel files (government or otherwise), all should be disclosed on the authority of United States v. Austin, supra, and United States v. Deutsch, supra. As to government files generally, all should be identified so that specific and appropriate motions can be addressed to them.

**Item 8.** It is noted in passing that the definition of the word "witness" in the Motion includes certain "nonwitnesses." If the Government seeks to make its proof against the Defendant by introducing the declarations of non-witnesses, the Defendant is permitted to impeach such declarants. Rule 806, Federal Rules of Evidence. Indeed, such statements in the nature of common law hearsay authorize impeachment in the same way as if the declarant testified at the trial. See, 32 Wigmore, Evidence, §884 (3d ed. 1940).

**Item 9.** The final item is a catch-all. The Government must not suppress and keep from disclosure evidence of "basic mental trouble" suffered by a witness. Wimon v. Powell, 293 F.2d 605, 606 (5th Cir. 1961). See generally, United States v. Partin, 493 F.2d 750, 762-64 (5th Cir.

1974). Further, if, for bizarre example, the Government has used hypnosis for hypnotic age regression in the preparation of its witnesses, the Defendant is entitled to pretrial disclosure of the facts. Such methods are not unknown. United States v. Miller, 411. F.2d 825 (2d Cir. 1969). Emmet v. Ricketts, 397 F.Supp. 1025 (N.D. Ga. 1975). See also, United States v. Hart, 344 F.Supp. 522 (E.D. N.Y. 1971) (polygraph or other lie detection techniques). The same requirement of disclosure, of course, would be true if the Government knew a witness had an appetite for narcotic drugs at the time of the relevant events, United States v. Kinard, 465 F.2d 566, 570-74 (D.C. Cir. 1972), or during trial, Wilson v. United States, 232 U.S. 563, 568 (1914), or if a witness harbored a distaste for the defendant, eg. United States v. Haggett, 438 F.2d 396, 398-40 (2d Cir.), cert. denied, 402 U.S. 946 (1971), cf., United States v. Aleman, 609 F.2d 298, 307 (7th Cir. 1979), cert. denied, 445 U.S. 946 (1980), or those of the defendant's ilk. See, e.g., United States v. Kartman, 417 F.2d 893, 897 (9th Cir. 1969).

Impeachment comes in many forms and to the extent that the Government recognizes it -- either by virtue of the suggestions in this Motion or otherwise -- the evidence for such purposes may not be suppressed, regardless of the good faith or bad faith of the prosecution. Brady v. Maryland, supra.

As noted above, undersigned counsel is aware of one confidential informant from discovery documents provided by the Government. However, if there are other informants who dealt directly with the defendant, undersigned counsel respectfully requests that they be disclosed as well.

WHEREFORE, it is respectfully requested that this Motion for production of the location and name of the confidential informant in this case be granted.

This April 24, 2007.

Respectfully submitted,


S/ *Richard R. Buckley, Jr.*
S/ RICHARD R. BUCKLEY, JR.
State Bar No.. 092905
Attorney for Defendant, SANTANA GAMBLE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:   (229)-387-7124
Email: buckley.lawoffice@mchsi.com

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                              CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
    Defendants

ORDER GRANTING DEFENDANT GAMBLE' S MOTION
FOR PRODUCTION OF LOCATION AND NAME OF CONFIDENTIAL INFORMANT

    Upon due consideration of defendant SANTANA GAMBLE Motion for production of the location and name of the confidential informant in this case is hereby GRANTED.

    IT IS HEREBY ORDERED that the government will disclose and produce the location and name of the confidential informant in this case by _____, 2007.

DATED this _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:  (229)-387-7124
Email: buckley.lawoffice@mchsi.com