IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
    Defendants

MOTION FOR PRODUCTION OF CO-DEFENDANT STATEMENTS

COMES NOW the defendant, SANTANA GAMBLE, by and through his attorney, Richard
R. Buckley, Jr. and files this motion for production of Co-defendant statements, and in support
of said motion would show the Court as follows:

(1)
That SANTANA GAMBLE has been charged by indictment with a violation of
_____. Trial in this cause is scheduled for _____.

(2)
That  SANTANA GAMBLE is charged in this indictment with named co-defendants,
JORGE LUIS REYES, ELROY QUINTERO, JOGINDER CHEEMA, LORENZO JACKSON,
SAUL FALCON, TONEY GREGORY HILL, ANTHONY SEAN WALKER, MARIO
DEVICTOR KINSEY, ANGEL MARTINEZ, TYRONE MCCORMICK, JASON TERRELL
WHITEREGINALD FORD,MICHAEL SHERROD KINSEY, and LEONARD EARNEST
ROYSTER, and is scheduled for joint trial with these co-defendants.

(3)
It is anticipated that the government will seek to introduce at trial, statements by the
co-defendants in this case which tend to incriminate him. At this time, it is not anticipated any of
the named co-defendants will testify at trial.

(4).
The Sixth Amendment of the Constitution of the United States prohibits the
government from introducing into evidence any and all statements by co-defendants that tend to
incriminate an accused, when those co-defendants do not testify at trial. When and if such
statements are offered into evidence, a severance of the Defendant, above-named, from this case

would be the only means whereby the Sixth Amendment right of confrontation can be protected. **WHEREFORE**, the Defendant moves this Court for its Order requiring the government to produce any and all statements of co-defendants in this case that may tend to incriminate him as to the offenses charged.

## MEMORANDUM OF LAW

In *Bruton v. U.S.,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the defendant is deprived of his rights under the Confrontation Clause of the Sixth Amendment when his co-defendant's incriminating statement is introduced at their joint trial. This occurs even if the jury is instructed to consider those statements only against the co-defendant. The Supreme Court reaffirmed *Bruton,* holding in *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514, 106 S.Ct. 2056 (1986), that a post arrest statement made by a nontestifying codefendant is not admissible* against a defendant on the theory that it constitutes a statement against interest. Finally, in *Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), the Court held that "where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant... the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant...." *Id.* 107 S.Ct. at 1719.

In this case, the government has not provided the Defendant any statements made by co-defendants in this cause that would tend to incriminate him. In addition, the Defendant has received no assurance from the government that such statements are not part of the government's case and the government does not intend to introduce such statements into evidence. If such statements exist and the government intends to use them at trial, the Defendant has cause and the authority of the Supreme Court to require that such statements be edited or redacted in such a manner so as to avoid incriminating him.

Such editing and redacting are required by *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). There the Supreme Court confronted the question of whether or not, at a joint trial, the government could introduce a confession by a non-testifying defendant, where the confession did not mention the defendant by name and had been redacted "to omit all indication that anyone other than the [co-defendant] and [the co-defendant who confessed] participated in the crime. *Id.* 107 S.Ct. 1705. The Court held:

We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting and instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to her existence. *ld.* 107 S.Ct. 1709.

In accordance with this authority, it is clear that the Defendant can and will be tried jointly with the other named co-defendants in this case. In order to avoid the necessity of seeking a severance at trial and/or motion for mistrial, the Defendant moves this Court for its order requiring the government to produce any and all statements made by co-defendants in this case that can in any way incriminate the Defendant as to the offenses charged.

This April 24, 2007.

Respectfully submitted,


S/ Richard R. Buckley, Jr.
S/ RICHARD R. BUCKLEY, JR.
State Bar No.. 092905
Attorney for Defendant, SANTANA GAMBLE

Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:   (229)-387-7124
Email: buckley.lawoffice@mchsi.com

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA

VS.                                          CRIMINAL ACTION NO.5:07CR16(wdo)

ANTHONY SEAN WALKER, MICHAEL SHERROD KINSEY
MARIO DEVICTOR KINSEY, ANGEL MARTINEZ
TYRONE MCCORMICK, JASON TERRELL WHITE,
REGINALD FORD, SANTANA GAMBLE,
LEONARD EARNEST ROYSTER, JORGE LUIS REYES,
ELROY QUINTERO, JOGINDER CHEEMA,
LORENZO JACKSON, SAUL FALCON,
and TONEY GREGORY HILL
        Defendants

ORDER FOR PRODUCTION OF CO-DEFENDANT STATEMENTS

    Upon consideration of defendant SANTANA GAMBLE's Motion to Produce Co-
defendant's Statements any Opposition thereto, and of any Reply, it is hereby ORDERED that
the Motion be, and hereby is, GRANTED;

    And it is FURTHER ORDERED that the government shall produce Co-defendant
Statements for the following Co-defendants, JORGE LUIS REYES, ELROY QUINTERO,
JOGINDER CHEEMA, LORENZO JACKSON, SAUL FALCON, TONEY GREGORY HILL,
ANTHONY SEAN WALKER, MARIO DEVICTOR KINSEY, ANGEL MARTINEZ,
TYRONE MCCORMICK, JASON TERRELL WHITEREGINALD FORD,MICHAEL
SHERROD KINSEY, and LEONARD EARNEST ROYSTER, , pursuant to Federal Rule of
Evidence,  within thirty (30) days of the date this Order is issued;

    And it is FURTHER ORDERED that the duty to provide produce Co-defendant statements
is a continuing one, which the government shall fulfill by disclosing any additional Co-
defendant statements, but in no event later than forty-five (45) days prior to trial;

    And it is FURTHER ORDERED that other Co-defendant statements of which the
government learns for the first time subsequent to such date shall be immediately brought to the
attention of the defendant and the court, and the government shall, if it seeks to introduce such
evidence, provide a motion in limine explaining when it first learned of the evidence, setting
forth a summary of the evidence and underlying facts, and identifying the bases upon which the
government asserts it can be admitted, prior to any such evidence being referred to, offered, or
elicited during trial.

DATED this _____ day of _____, 2007.

_____

UNITED STATES DISTRICT JUDGE


Prepared by:
Richard R. Buckley, Jr.
P.O. Box 415, 409 Love Ave.
Tifton, Georgia, 31793
Phone: (229)-382-4243
Fax:   (229)-387-7124
Email: buckley.lawoffice@mchsi.com