# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 5:07-CR-16 (WDO)** |
| | : | |
| v. | : | |
| | : | |
| **SANTANA GAMBLE** | : | |
| _____ | : | |

## GOVERNMENT'S CONSOLIDATED RESPONSE TO
## DEFENDANT'S PRETRIAL MOTIONS

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files the foregoing responses to Defendant's Pretrial Motions.

Respectfully submitted this 30th day of May 2007.

        MAXWELL WOOD
        UNITED STATES ATTORNEY
        MIDDLE DISTRICT OF GEORGIA


BY: _____
        s/CHARLES L. CALHOUN
        BAR NO. 102875
        ASSISTANT UNITED STATES ATTORNEY
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 1702
        Macon, Georgia 31202
        Telephone: (478) 752-3511
        Fax Number: (478) 621-2655

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 5:07-CR-16 (WDO)**
:
**v.** :
:
**SANTANA GAMBLE** :
_____ :

## GOVERNMENT'S CONSOLIDATED RESPONSES TO
## DEFENDANT'S PRETRIAL MOTIONS

### I.
### DEFENDANT'S PRETRIAL MOTIONS

In advance of trial Defendant has filed the following motions:

A.  Motion for disclosure of impeachment and exculpatory information;

B.  Motion to disclose the names of law enforcement, expert and informant witnesses;

C.  Motion for discovery and inspection;

D.  Motion for production of surveillance evidence

E.  Motion to reveal confidential informants;

F.  Motion to produce co-defendant statements;

G.  Motion regarding prior bad acts; and

H.  Motion for bill of particulars

I.  Motion to Preserve Investigative Notes

## II.
## GOVERNMENT'S CONSOLIDATED RESPONSE TO PRETRIAL MOTION

### A. MOTION FOR DISCLOSURE OF SIMILAR ACTS EVIDENCE

Defendant has petitioned the court for an order requiring the Government to "disclose whether or not it intends to introduce ...404(b) evidence."

Under Rule 404(b), Federal Rules of Criminal Procedure, the Government is allowed to introduce evidence of prior wrongs or acts if the acts relate to evidence other than Defendant's character and the other acts evidence is relevant to prove intent, identity or modus operandi. *United States v. Zappata,* 139 F.3d 1355(11th Cir. 1998).

If the Government intends to submit 404(b) evidence, the same will be provided to Defendant within a "reasonable period of time" as specified by Rule 404(b).

### B. Motion to Production of Co-Defendant Statement

If any co-defendant or co-conspirator who made a statement is a government witness, that statement general will be provided to the defendant <u>after</u> the witness testifies on direct examination. *See*, 18 U.S.C.A. § 3500(a)(West 1985); ***United States v. Nabrit***, 554 F.2d 247, 249 (5th Cir. 1977). However, it is the policy of this court to require the government to provide **Jencks Act** materials to a defendant no later than the evening before the anticipated testimony of the witness. The United States will be governed accordingly. Unless a co-defendant or co-conspirator is to be a government witness, the **Jencks Act** does not require disclosure of his statement(s). If any statements by a co-defendant or co-conspirator are exculpatory, they will be produced by the United States along with other **Brady** material.

C.  **Motion to Reveal Identity of Confidential Informant**

Defendant asks the court to require the Government to release the names of all confidential informants. Defendant claims that these names are necessary for Defendant to be able to effectively defend the charges leveled against him.

Defendant does not provide any specific information regarding how disclosure of informant identity at this time would aid in his defense.

The burden is on a defendant to show that the identity of the informant and his testimony would significantly aid in establishing a possible defense. *United States v. Gutierrez*, 931 F.3d 1482 (11th Cir. 1991).

Mere conjecture about the possible relevance of an informant's testimony is insufficient to compel disclosure. *United States v. Gutierrez*, 931 F.3d at 1484.

Defendant's motion fails to identify any possible defense which would be aided by disclosure of the informant's identity. Therefore, his motion should be denied.

D.  **Motion for Disclosure of Electronic Surveillance**

The United States will comply with Rule 16 of the ***Federal Rules of Criminal Procedure*** and with ***Brady v. Maryland, supra,*** and its progeny regarding any **REQUEST** to disclose various records, information and evidence obtained through surveillance (electronic or otherwise) as well as information pertaining to the type of surveillance device or devices used by the government in any such surveillance.

E.  **Motion for Exculpatory Brady Material**

A defendant has a right only to discovery of evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure or *Brady v. Maryland*, 373 U.S. 83 (1963), and its

progeny.  *Brady* prohibits the United States from suppressing evidence favorable to a defendant if that evidence is material either to guilt or to punishment.  *Brady*, 373 U.S. at p.87.  Because the credibility of a witness may determine guilt or innocence, impeaching evidence is material to guilt and thus falls within the *Brady* rule.  *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *Williams v. Dutton*, 400 F.2d 797, 800 (5th Cir. 1968), *cert. denied*, 393 U.S. 1105 (1969).

The United States will disclose Rule 16 evidence and *Brady* evidence other than impeaching information as soon as reasonably possible.  In accordance with the usual practice in this court, the United States will disclose impeaching information about a witness no later than the evening before the witness' anticipated testimony.  The United States will not furnish defendant with *Brady* information which the defendant has or, with reasonable, diligence, the defendant could obtain himself.  *United States v. Slocum*, 708 F.2d 587, 599 (11th Cir. 1983).

The United States will also disclose impeaching information about any non-witness declarant no later than the evening before the United States anticipates offering the declarant's statements in evidence.

### F. Motion to Disclose Names of Government Witnesses

The law is clear that in noncapital cases, the granting of a defendant's request for a list of adverse witnesses is a matter of judicial discretion.  *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981); *United States v. Chaplinski*, 579 F.2d 373 (5th Cir. 1978), *cert. denied*, 439 U.S. 1050 (1978).  *See United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983) - "A criminal defendant has no absolute right to a list of the government's witnesses in advance of trial.") A defendant who desires discovery of the United States'

4

witness list must make a specific showing of the need for any reasonableness of obtaining the list. *United States v. Great Syracuse Board of Realtors, Inc.,* 438 F.Supp. 376, 382 (N.D.N.Y. 1977).

Furthermore, common sense dictates that if there is no obligation mandated by law to reveal the identity of one who has been interviewed for the purpose of being a witness at trial, no such obligation exists to reveal the identity of a potential witness who has <u>not</u> been interviewed in expectation of being called as a witness at trial.

Under the facts of the present case, Defendant has not established a particularized need which would justify disclosure of the government's witness list.

### G. Motion for Bill of Particulars

Defendant contends that a bill of particulars is necessary to allow Defendant to prepare his defense. The indictment charged Defendant and others with conspiracy to possess with the intent to distribute cocaine in violation of Title 21, United States Code, Section 846, i/c/w Title 21, United States Code, Section 841(a)(1). The allegations set forth in the indictment track the language of the respective code violations.

"The purpose of a true bill of particulars is threefold: (1) 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, (2) to minimize surprise at trial, and (3) to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill.

5

The indictment in the case at bar is more than sufficient to inform the Defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize any surprise at trial and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. Defendant is using the vehicle of his motion for a bill of particulars as a discovery tool which is not an appropriate function of a bill of particulars. Further, the Government will provide the Defendant with the audio tapes, lab report and incident reports which relate to the charged offense. Defendant's motion for a bill of particulars should be denied.

### H. Motion to Compel Disclosure of Promises for Immunity or Lenient Treatment

Where the government fails to disclose evidence of any understanding or agreement as to favorable treatment prosecution of a key government witness, due process may require reversal of the conviction. **Giglio v. United States, supra; Napue v. Illinois**, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); **Smith v. Kemp**, 715 F.2d 1459, 1463 (11th Cir.), **cert. denied**, 464 U.S. 1003, 104 S.Ct. 510, 78 L.Ed.2d 699 (1983); **Williams v. Brown**, 609 F.2d. 216, 221 (5th Cir. 1980). The government has a duty to disclose such understandings for they directly affect the credibility of the witness. This duty of disclosure is even more important where the witness provides the key testimony against the accused. **See Giglio**, 405 U.S. at 154-55, 92 S.Ct. at 766. **Haber v. Wainwright,** 756 F.2d 1520, 1523 (11th Cir. 1985).

"The trust of **Giglio** and its progeny has been to ensure that the jury knows the facts that might motivate a witness in giving testimony . . ." **Smith v. Kemp, supra** at 1467, which testimony "could . . . in any reasonable likelihood have affected the judgment of the

6

jury." *Giglio*, 405 U.S. at 154, 92 S.Ct. at 766, quoting *Napue v. Illinois, supra*. *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986).

Accordingly, the United States will comply fully with *Giglio, supra,* and its progeny by disclosing the existence and substance of any such promises of immunity, leniency or preferential treatment. In accordance with the policy of *Brady v. Maryland, supra*, the United States will furnish to the defendant such requested information <u>within a reasonable period of time</u>.

### I. Motion for Preservation of Agents' Notes

The Eleventh Circuit has held that the United States has a responsibility to try in good faith to preserve important material in a criminal trial. *United States v. Nabors*, 707 F.2d 1294, 1296 (11th Cir. 1983). The government will comply with the dictates of *Nabors*. However, there is no legal requirement that the government retain all materials, notes and other memoranda prepared by federal, state or local government agents in connection with the investigation and preparation of its case.

Respectfully submitted this 30th day of May 2007.

        MAXWELL WOOD
        UNITED STATES ATTORNEY
        MIDDLE DISTRICT OF GEORGIA


BY: _____
        s/CHARLES L. CALHOUN
        BAR NO. 102875
        ASSISTANT UNITED STATES ATTORNEY
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 1702
        Macon, Georgia 31202
        Telephone: (478) 752-3511
        Fax Number: (478) 621-2655

**CERTIFICATE OF SERVICE**

I, Charles L. Calhoun, Assistant United States Attorney, hereby certify that on May 30, 2007, I electronically filed the within and foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. Richard Buckley, Jr.
>Attorney at Law
>P.O. Box 415
>Tifton, GA 31793

>>MAXWELL WOOD
>>UNITED STATES ATTORNEY
>>MIDDLE DISTRICT OF GEORGIA

>>BY: _____
>>s/CHARLES L. CALHOUN
>>BAR NO. 102875
>>ASSISTANT UNITED STATES ATTORNEY
>>United States Attorney's Office
>>Middle District of Georgia
>>P.O. Box 1702
>>Macon, GA 31202
>>Tel. (478) 752-3511
>>Fax. (478) 621-2655