IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | NO. 5:07CR-16-009 (WDO) |
| | ) | |
| **LEONARD EARNEST ROYSTER,** | ) | |
|     **Defendant.** | ) | |

**MOTION AND BRIEF FOR DISCLOSURE AND INTERVIEW
OF GOVERNMENT INFORMANTS AND/OR AN IN
<u>CAMERA HEARING AND FOR OTHER RELIEF</u>**

    COMES NOW Defendant Leonard Earnest Royster (hereinafter "Royster"), by and through undersigned counsel, and moves this Court for an Order requiring the Government to provide him through counsel, with the identity and present location of all informants who the Government expects to call as witnesses against the Defendant at trial, and/or who are alleged to have participated in the acts forming the basis of the above-styled action so that counsel can attempt to interview them in preparation for the hearings on Defendant's motions and for trial, or, in the alternative, to make them available at a time and location convenient to counsel as soon as reasonably possible. Defendant further requests that the Court order the Government to refrain from obstructing any efforts by the Defendant's counsel to interview these persons or from discouraging them from consenting to an interview by Defendant's counsel. As grounds for this Motion, the Defendant shows as follows:

    1. Upon information and belief, Movant avers that the Confidential Informants are material witnesses in this case and/or a participants in the events alleged by the government, in that,

(a) the informants were present for undercover meetings and transactions;

(b) the informants offered inducements to and attempted to persuade the defendant to participate in the criminal activity;

(c) the informants supplied the instrumentalities of the crime, including U.S. currency;

(d) the informants arranged for and participated in the transaction of the contraband.[1]

2. The Court must balance the Defendant's need for access to witnesses and the government's interest in withholding the identity and whereabouts of any informant. **See Roviaro v United States**, 353 U.S. 53; **United States v Kerris**, 748 F.2d 6l0, 6l3-l4 (llth Cir. l98l); **United States v Diaz**, 655 F.2d 580, 587-88 (5th Cir. Unit B) (l982).

3. This was not a "mere introduction", but the informants here were actual "participants". If the informants are participants, there is a duty to reveal their identity. **See, e.g. United States v McDonald**, 935 F.2d l2l2, l2l7 (llth Cir. l99l); **United States v Tenorio-Angel**, 756 F.2d l505 (llth Cir. l985); **United States v Gutierrez**, 93l F.2d l482 (llth Cir. l99l).

4. The government may respond by asserting that:

The investigation of this case involved the use

---

[1] Furthermore, discovery indicates that the informants purportedly used during the investigation, included "Source 1," who "provided information . . . since late September to present" and who allegedly was privy to information about when Royster allegedly contacted his "source of supply," see (Vol. IX), and "CI #80-672," who provided "very specific" information and "information that only very few people including SA Cole are aware of." (Vol. V) CI #80-672 further allegedly participated in an undercover controlled buy of drugs for the Government.

> of a Confidential Informant (CI). The name and
> address of the CI cannot be provided in order
> to maintain his/her safety and anonymity.

This "boilerplate" response is simply inadequate to meet the government's burden in failing to identify participant informants and "set forth with particularity its reasons for nondisclosure of the informants' whereabouts". **United States v Aguirre**, 716 F.2d 293 at 300 (5th Cir. 1983) cited with approval in **United States v Tenorio-Angel**, 756 F.2d 1505 at 1510-11 (11th Cir. 1985). In the absence of legitimate government concerns such as safety, public policy favors disclosure. **See United States v Ayala**, 643 F.2d 244, 247 (5th Cir. 1981); **United States v Toombs**, 497 F.2d 88, 92 (5th Cir. 1974). It is axiomatic that "the more active the participation, the greater the need for identification." **See United States v Gonzalez**, 606 F.2d 70 (5th Cir. 1979); **Suarez v United States**, 582 F.2d 1007 (5th Cir. 1978); **Alvarez v United States**, 525 F.2d 980 (5th Cir. 1976). Since the informers in this case were participants (other than the Defendant above) and persons who can corroborate the Defendant's version of events, the identification of the informants must be released. **Roviaro, supra; United States v Fischer**, 531 F.2d 783 (5th Cir. 1976); **United States v Jiminez-Serrato**, 451 F.2d 523 (5th Cir. 1971).

5. In disclosure cases, an **in camera** hearing is the favored procedure. **See, e.g. United States v Rutherford**, 175 F.3d 899 (11th Cir. 1999) (remand for **in camera** hearing); **United States v Spires**, 3 F.3d 1234 (9th Cir. 1993); **United States v Sharp**, 778 F.2d 1182, 1187 (6th Cir. 1985); **Gaines v Hess**, 662 F.2d 1364, 1369 (10th Cir. 1981); **United States v Alexander**, 559 F.2d 1339, 1344 (5th Cir. 1977). Movant specifically requests that his counsel be allowed to participate in said hearing under an appropriate order. **See United States v Anderson**, 509 F.2d 724, 730 (9th Cir. 1975). In order to justify an in camera hearing the Defendant need only make a

"minimal threshold showing" that disclosure would be relevant to at least one defense.  **See Spires**, 3 F.3d at l338; **United States v Sai Keung Wong**, 886 F.2d 252, 256 (9th Cir. l989).  Such a showing has been made sub judice.

6.  Additionally, pursuant to **Brady v Maryland**, 373 U.S. 83 (l963), and its progeny **see Kyles v Whitley**, 514 U.S. 419, ll5 S.Ct. l555 (l995), Movant makes the following specific requests for information relating to the informants **sub judice**:

(a)  Any and all files relating to the informants from any federal and/or state agency with which s/he has been involved; including, but not limited to:

  (i)  the case file;

  (ii)  any "pedigree" file;

  (iii)  contracts with any agency;

  (iv)  payment records;

  (v)  contact logs; and

  (vi)  polygraph results;

(b)  Any and all criminal records (NCIC, GCIC, EPIC, FIN CEN, etc.;

(c)  Psychological/psychiatric history;

(d)  Any other records, documents and/or other materials relating to the subject informants; and

(e)  Federal income tax records for every agency which provided brief compensation of any type to these informants.

As one Court has noted:

> The use of informants to investigate and prosecute persons engaged in clandestine criminal activity is fraught with peril...By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom.
>
> **United States v Bernal-Obeso**, 989 F.2d 33l, 333 (9th Cir. l993).

That Movant is entitled to the relief requested is without question. In **United States v Williams**, 954 F.2d 668 (llth Cir. l992) the Eleventh Circuit reversed the conviction of an accused after the trial court excluded all testimony and defense exhibits relating to the amount of money the informant had received:

> The jury has a right to know what may be motivating a witness, especially a government paid, regularly employed, informant - witness. **Id.** **See** DEA Manual Section 66l2.3l ('The controlling special agent will advise all cooperating individuals that they must file Federal Income Tax returns to include all payments, awards and rewards paid to them by DEA...Special Agents will remind cooperating individuals of this policy when any payment is made'.) Section 66l2.43 (Type of Payment - includes 'percentage of the value of cases he provides').

In sum, the informants were an integral component of the government's investigation: active participants, and/or a transactional witnesses to events who possesses information that bears directly on the defense.

WHEREFORE, Defendant respectfully prays that this Court issue an Order requiring the Government to inform Defendant's counsel of the identity and current address, or name and

phone number of attorneys, of any and all government informants; to make them available at a time and location convenient to counsel for purposes of counsel requesting an interview; or, in the alternative, conduct an **in camera** hearing on same as set forth hereinabove, with the presence of undersigned counsel under appropriate order, and for such other and further relief as this Court may deem just and proper.

This 16th day of August, 2007.

*/s Bruce S. Harvey*_____
LAW OFFICES OF BRUCE S. HARVEY
Attorneys for Defendant
Bruce S. Harvey, GA Bar No. 335175
Jennifer S. Hanson, GA Bar No. 001698
K. Julie Hojnacki, GA Bar No. 434391

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:07CR-16-009 (WDO)** |
| | ) | |
| **LEONARD EARNEST ROYSTER,** | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the above *Motion and Brief for Disclosure and Interview of Government Informants and/or an In Camera Hearing and for Other Relief* by electronically filing with the Clerk of the Court by using CM/ECF, which will automatically send email notification of such filing to the following:

> Charles L. Calhoun
> P.O. Box 1702
> Macon, GA 31202-1702
> 478-752-3511
> Email: charles.calhoun@usdoj.gov
> Lead Attorney; Attorney to be Noticed

This 16th day of August, 2007.

> Respectfully submitted,
>
> */s Bruce S. Harvey*_____
> LAW OFFICES OF BRUCE S. HARVEY
> Bruce S. Harvey, Georgia Bar No. 335175
> Jennifer S. Hanson, Georgia Bar No. 001698
> K. Julie Hojnacki, Georgia Bar No. 434391
> 146 Nassau Street, NW
> Atlanta, GA 30303
> 404-659-4628
> Email: JoyGeske@yahoo.com
> Lead Attorney/Attorney to be Noticed