IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| v. | : | 5:07-CR-16-006 |
| | : | |
| Jason Terrell White, | : | |
|     Defendant. | : | |

### DEFENDANT's MOTION TO SUPPRESS EVIDENCE AND STATEMENTS AND BRIEF IN SUPPORT

NOW COMES, the Defendant Jason Terrell White by and through undersigned s counsel, pursuant to Fed.R.Crim.P. 12(b)(3)(C), and moves this Court for an evidentiary hearing, a *Jackson v. Denno* hearing, and an order suppressing all evidence of any kind and the fruits thereof – including any and all audio and video recordings, alleged physical evidence, statements, identification, and testimony–illegally seized by law enforcement agents in violation of Defendant's Fourth, Fifth, Sixth or Fourteenth Amendment rights, or Fed.R.Crim.P. 41.

### I. MOTION TO SUPPRESS VIDEO AND AUDIO RECORDINGS

Pursuant to the Fourth Amendment to the United States Constitution, Defendant moves this Court to suppress any and all evidence obtained through surreptitious undercover video and audio recordings. Defendant alleges that the recordings were improper, illegal, and without probable cause, in violation of Defendant' s rights under the Fourth Amendment

**A. Standing**

Movant has standing to contest the legality of any and all audio and video recordings because the recordings infringed an interest of the defendant which the Fourth Amendment was designed to protect. Rakas v. Illinois, 439 U.S. 128, 139 (1978). The Fourth Amendment "protects people from unreasonable government intrusions into their legitimate expectations of privacy." United States v. Chadwick, 433 U.S. 1, 7 (1977). "The Fourth Amendment protects people, not places." Katz v. United States, 389 U.S. 347, 351 (1967).

## II. GROUNDS FOR SUPPRESSION OF UNDERCOVER VIDEO AND AUDIO SURVEILLANCE

The Government, by and through the U.S. Attorney will attempt to introduce into evidence at trial, video and audio recordings made by a confidential informant named only as "CI #80-672". This CI was working at the behest of agents working for several investigative agencies. The reliability and veracity of this CI was not adequately established in the discovery documents. These recordings from Thursday, May 4, 2006. were made without the Defendant's knowledge or consent, in violation of the Fourth Amendment. As a result, Defendant Jason Terrell White moves, pursuant to Fed.R.Crim.P. 12(b)(3) and the Fourth Amendment to the United States Constitution to suppress the contents of any video or audio recordings made in this case as well as any evidence derived from them. Movant alleges the following grounds in support of this motion and reserves the right to supplement this motion upon receipt of any additional documents reflecting upon these matters.

The recordings by the confidential informant violate the principles of the Fourth Amendment of the U.S. Constitution as set forth in Katz V. United States, 389 U.S. 347

(1967). *Katz* sets forth a two pronged test which states that an individual needs a subjective expectation of privacy and that the expectation be one that society recognizes as being reasonable. In this case, the Defendant had a reasonable expectation that the conversation conducted in the automobile were private conversations. Despite being in a public place, the automobile was a closed environment, similar to the telephone booth in *Katz*. Additionally, the presence of other people in the car other than the defendant does not mean that the Defendant did not have a reasonable expectation that the automobile would be secure against others. Stoner v. California, 276 U.S. 483, 489-90 (1964); Chapman v. United States, 365 U.S. 610, 616-17 (1961).

Courts have stated that video taping of suspects in public places does not violate the fourth amendment. However, "persons may create temporary zones of privacy in which they may not reasonably be videotaped, however, even when that zone is a place they do not own or normally control." United States v. Taketa, 923 F.2d 665 (9th Cir.1991).

An additional problem with the video and audio surveillance conducted in this case is the chain of evidence. Volume I of the discovery that was provided to the defendant contains a form titled "GEORGIA BUREAU OF INVESTIGATION RECEIPT FOR PROPERTY". It is said to document the audio and video recordings made by the confidential informant in this case. The problem is that the document, as provided to Defendant, is completely illegible. It is impossible to discern what items this document actually regards. Additionally, there is a section of the document that documents the chain of custody, but this section is just as illegible as the rest. The state

of this document raises questions regarding its validity and the validity of the recordings that it is supposed to document.

WHEREFORE, Defendant respectfully requests this Court to suppress any and all evidence improperly obtained against Defendant in this case.

This 31st day of August, 2007.


This 20th day of August, 2007.
By: s/ Veronica E. Brinson
Veronica E. Brinson
Georgia Bar No. 082905
s/Christopher Ryan Lee
Christopher Ryan Lee
Georgia Bar No.122906
Attorneys for Defendant
**LAW OFFICES OF VERONICA E. BRINSON, LLC.**


**CERTIFICATE OF SERVICE**
STATE OF GEORGIA,
BIBB COUNTY.
This is to certify that I have this day served all parties in the foregoing matter by electronically filing a copy of the foregoing **Defendant's Motion to Suppress**, via:

Electronic filing as follows:
Charles Calhoun
Assistant U.S. Attorney
This 28TH day of April, 2007.
s/ Veronica E. Brinson
Veronica E. Brinson