IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:05-CR-36 (WDO) |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MONCELL HALL | : | |
| ———————————— | : | |

## MOTION UNDER CHAPTER 5,
## PART K, SENTENCING GUIDELINES

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and moves the Court under Chapter 5, Part K of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e), to depart from the sentencing guidelines and any statutory minimum sentence provided for the offense to which the defendant entered a plea of guilty for the following reasons:

Prior to entry of his guilty plea, Defendant agreed to assist the D.E.A. in connection with the prosecution of Solomon Daniels and other targets in the Middle District of Georgia and Northern District of Georgia.

The full extent of the Defendant's assistance will be provided to the United States Probation Office in advance of sentencing.

WHEREFORE, the United States Attorney moves the Court to depart from the applicable sentencing guidelines pursuant to Section 5K.1 of the sentencing guidelines.

RESPECTFULLY submitted, this 5th day of April, 2006.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

BY:    s/CHARLES L. CALHOUN
BAR NO. 102875
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
Fax Number: (478) 621-2655

## CERTIFICATE OF SERVICE

I, Charles L. Calhoun, Assistant United States Attorney, hereby certify that on April 5,

2006 I electronically filed the within and foregoing <u>MOTION UNDER CHAPTER 5, PART K,</u>

<u>SENTENCING GUIDELINES</u> with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

> Mr. W. Michael Maloof
> Attorney at Law
> 215 N. McDonough Street
> Decatur, Georgia 30030

**I also certify that I have mailed by the United States Postal Service the document and a**

**copy of the Notice of Electronic Filing to the following non-CM/ECF participants:**

> G.F. PETERMAN, III
> ACTING UNITED STATES ATTORNEY
> MIDDLE DISTRICT OF GEORGIA

BY:    **s/CHARLES L. CALHOUN**
       **BAR NO. 102875**
       **ASSISTANT UNITED STATES ATTORNEY**
       **United States Attorney's Office**
       **Middle District of Georgia**
       **P.O. Box 1702**
       **Macon, Georgia 31202**
       **Telephone: (478) 752-3511**
       **Fax Number: (478) 621-2655**

I21-5894 S GA-CCH-0058 09/21/07 14:27:49 - 09/21/07 14:27:49 BPLBXCOX
GEORGIA CRIME INFORMATION CENTER
3121 PANTHERSVILLE ROAD
DECATUR, GA 30037

HISTORY RECOI

********************************* INTRODUCTION *********************

THIS RAP SHEET WAS PRODUCED IN RESPONSE TO THE FOLLOWING REQUEST

FBI NUMBER                          537506JA
STATE ID NUMBER                     GA2123189
ARN                                 08-032
PURPOSE CODE                        C
ATTENTION                           COLE.DELI

IFORMATION IN THIS RAP SHEET IS SUBJECT TO THE FOLLOWING CAVEATS

THIS RESPONSE IS BEING PRODUCED FOR YOUR REQUEST SENT
)8-11)

CRIMINAL HISTORY RECORD INFORMATION IS OBTAINED ONE OF TWO
CONDUCTING AN INQUIRY USING PERSONAL IDENTIFIERS SUCH AS
NAME AND DATE OF BIRTH (NAME SEARCH), OR 2) BY SUBMITTING FINGERPRINT
CARDS TO THE GEORGIA CRIME INFORMATION CENTER (GCIC). WHEN CONDUCTING
NAME SEARCH FOR CRIMINAL HISTORY RECORD INFORMATION, THERE IS A
POSSIBILITY THAT THE INFORMATION RETURNED BELONGS TO A DIFFERENT PERSO
WITH THE SAME, O& SIMILAR, IDENTIFIERS. IN THIS CASE, A POSITIVE MATCH
OF THE PERSON WH )SE CRIMINAL HISTORY RECORD IS SOUGHT REQUIRES
SUBMISSION OF FI       RINT CARDS      IS  WHEN CC      ING A FINGE
SEARCH               NAL HISTORY RECORD INFORMAT       THE  INFORMATION
                   N FACT, BEI        O THE INDIV        . IN
                   E SEARCH U         HE INDIVIDI       PERSO
                   E INFORMAT         GA: 2007-0(

WHEN    IFORMA    CONTAINED I                    REPORT CAUSES AN
ADVER:  ?LOYME      LICENSING DECISION THE INDIVIL AL, BUSINESS OR
AGENC:  :NG TH    ISION MUST INFORM THE APPLICANT OF ALL INFORMATIC

INENT TO THE DECISION. THE DISCLOSURE MUST INCLUDE INFORMATIC
A CRIMINAL HISTORY RECORD CHECK WAS CONDUCTED, THE SPECIFIC CONTENTS
THE RECORD AND THE EFFECT THE RECORD HAD UPON THE DECISION. FAILURE T
PROVIDE ALL SUCH INFORMATION TO THE PERSON SUBJECT TO THE ADVERSE
DECISION IS A MISDEMEANOR OFFENSE UNDER GEORGIA LAW. ADDITIONALLY, AN
UNAUTHORIZED DISSEM ATION OF THIS RECORD OR INFORMATION HE
VIOLATES GEORGIA LA  (GA; 2007-08-11)

IN THE EVEN          NTIFIERS ARE NOT CLEARLY ASSOCIATED TO A SPECIFIC
CYCLE, THE INFORMATION IS MOST LIKELY NON-FINGERPRINT BASED INFORMATION
RECEIVED FROM THE DEPARTMENT OF CORRECTIONS AT THE TIME OF RELEASE FROM
INCARCERATION. (GA; 2007-08-11)

FBI NUMBER                    STATE ID N

SEX                           RACE

SO R A

PLACE OF BIRT
FLORII

CRIMINAL HISTORY

===================== OTN 00055740996 (CYCLE 1 OF 3) ==
OFFENDER TRACKING NUMBER (OTN)                    0005574099t
EARLIEST EVENT DATE                               1994-08-08
OFFENSE DATE                                      1994-08-08
ARREST SRE                                        5158052

ARREST                        (CYCLE 1)
ARREST DATE                   1994-08-08
CASE NUMBER                   17043
ARRESTING AGENCY              GA1360000 THOMAS COUNTY SHERIFFS OFF

STATUTE  16-7-21: GA

CASE NUMBER            94CR2721
COURT AGENCY          GA136053J THOMAS COUNTY STATE CO
SUBJECT'S NAME        MCNEAL. PHILLIP COLON

GE TRACKING NUMBER    00055740996
     CHARGE LITERAL   CRIMINAL TR
         STATUTE      16-7-21; GA
STATE OFFENSE CODE    5710

DEMEA
UITTA

005347

OFFEN                                          000534
EARLIE                                         1996-C
OFFENSE DATE                                   1996-C
ARREST                                         578108

CASE NUMBER
ARRESTING A
SUBJECT'S N
ARREST TYPE

GE TRACKING NUMBER    00053476710-1
     CHARGE LITERAL   TERRORISTIC THREATS AND ACTS

CHARGE DESCRIPTION    TOT GA047
         STATUTE      16-11-37;
STATE OFFENSE CODE    1386

COURT DISPOSITION     (CYCLE 2)
CASE NUMBER           97R0264
COURT AGENCY          GA047015J DOUGHERTY COUNTY SUPERIOR COUR
SUBJECT'S NAME        MCNEAL. PHILLIP COLON

RGE TRACKING NUMBER   00053476710-2
     CHARGE LITERAL   DISORDERLY CONDUCT
CHARGE DESCRIPTION    CHG FRO TERR THREATS & ACTS
         STATUTE      16-11-39; GA
STATE OFFENSE CODE    5311
         SEVERITY     MISDEMEANOR
         DISPOSITION  NOLO CONTENDRE (1997-05-19; CONVICTE

CASE NUMBER
SENTENCE DATE                  1997-05-19
SENTENCING AGENCY              GA047015J DOUGHERTY COUNTY SUPERIOR COURT

CHARGE TRACKING NUMBER    00053476710-2
              SENTENCE    FINE $100
                          PROBATION   12 MONTHS

===================== OTN 00069058802 (CYCLE 3 OF 3) ===
OFFENDER TRACKING NUMBER (OTN)                    00069058
EARLIEST EVENT DATE                               1998-04-
OFFENSE DATE                                       1998-04-
ARREST SRF                                         66510343
JUDICIAL SRF                                       33333333

ARREST                         (CYCL
ARREST        E                1998-
CASE N       R                 3647

ARRESTING AGENCY               GA1370000 TIFT COUNTY SHERIFFS OFFI
SUBJECT'S NAME                 MCNEAL, PHILLIP COLON
ARREST TYPE                    ADULT

ARG NUMBER         00069058802-1
RGE LITERAL        SIMPLE BATTERY
STATUTE            16-5-23; GA
FFENSE CODE        1379
SEVERITY           MISDEMEANOR

NUMBER
ITERAL
TATUTE

MISDEMEANOR
LOCAL RECORD EXPUNG
(1998-08-18; OTHER)
NOLLE PROSSED (1998

NTENCING                        (CYCLE 3)
SE NUMBER
SENTENCE DATE                   1998-08-18
SENTENCING AGENCY               GA1370401 TIFT COUNTY STAT

CHARGE

69058802-1
ER SENTENCE
THER SENTEN

TIFT COUNTY SHERIFFS OFFICE; GA137
SHERIFF

AGENCY

ADDRESS

TIFT COUNTY STATE COURT; GA137043J;

257 EAST 2ND STREET
TIFTON    GA  31794000

THOMAS COUNTY SHERIFFS OFFICE; GA

PO BOX 588
THOMASVILLE. GA 317990000

PO BOX 1995
THOMASVILLE   GA  31799

'ERIOR C

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF GA
2005 MAR 22 PM 12: 23

DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | : SUPERSEDING INFORMATION |
| v. | : CRIMINAL NO. 5:05-CR-36 (WDO) |
| CHRISTOPHER MONCELL HALL | : VIOLATION: 21 U.S.C. § 846 i/c/w |
| | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(B)(ii) |
| | 18 U.S.C. § 2 |
| _____ | : |

**UNITED STATES ATTORNEY CHARGES:**

## COUNT ONE

That between April 1, 2004, and about April 10, 2005, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this court,

## CHRISTOPHER MONCELL HALL

Defendant herein, aided and abetted by others both known and unknown to the United States Attorney, did unlawfully, knowingly, willfully, and intentionally conspire to possess with the intent to distribute a schedule II controlled substance, to-wit: at least 500 grams but less than two kilograms of a mixture and substance containing a detectable amount of cocaine; all in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code Section 841(a)(1) and 841(b)(1)(B)(ii).

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

BY:

R NO. 102875
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
Fax Number: (478) 621-2655

U.S. DISTRICT COURT
MIDDLE GEORGIA

2006 MAR 22  PM 12: 23

DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **WAIVER OF INDICTMENT** |
| VS. | **SUPERSEDING INFORMATION** |
| CHRISTOPHER MONCELL HALL | **CASE NUMBER:** 5:05-CR-36 (WDO) |

I, **CHRISTOPHER MONCELL HALL,** the above-named defendant, who is accused of  **unlawfully, knowingly, willfully, and intentionally conspiring to possess with the intent to distribute a schedule II controlled substance, to-wit: at least 500 grams but less than two kilograms of a mixture and substance containing a detectable amount of cocaine; all in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code Section 841(a)(1) and 841(b)(1)(B)(ii).**and after having been advised of the nature of the **charge(s), the proposed information,** and of rights, hereby waive in open court on $3/22/06$ , prosecution  by indic and consent that the proceeding may be by information rather than by indictment.

DEFENDANT - **CHRISTOPHER MONCELL HALL**

COUNSEL FOR DEFENDANT - **MICHAEL MALOOF**

Before _____
Judicial Officer

**UNITED STATES OF AMERICA**     :  **CRIMINAL NO. 5:05-CR-36 (WDO)**

v.     :

**CHRISTOPHER MONCELL HALL**     :

_____     :

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned

attorney, and **CHRISTOPHER MONCELL HALL**, hereinafter referred to as "Defendant,"

and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the

superceding information against defendant in this matter with defendant's attorney and

defendant's attorney has explained to defendant his understanding of the government's

evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and

that defendant has the right to plead not guilty and to elect instead to be tried by jury.

The defendant understands that at a jury trial, defendant would enjoy a presumption of

innocence, and that the government would have the burden of proving defendant's guilt

beyond a reasonable doubt. The defendant understands that defendant would be

entitled to the services of a lawyer at all stages of such a trial. The defendant

understands that defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, ___ U.S. ___, 2005 WL 50108 (January 12, 2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:

2

(A)     The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One (1) of the information which charges defendant with conspriacy to possess with the intent to distribute cocaine, all in violation of Title 21, United States Code Section 846, i/c/w Title 21, United States Code, Sections 841(a)(1), and 841 (b)(1)(B)(ii) and Title 18, United States Code, Section 2.

(B)     That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a **minimum of five (5) up to a maximum of forty (40) years imprisonment, a maximum fine of $2,000,000 or both, and a term of supervised release of four (4) years**. Defendant further acknowledges that the Court is required to impose **a mandatory assessment fee of $100.00**.

(C)     The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)     The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed.

3

The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H)     The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral  review of

defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(I)    The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)    Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present indictment as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does

5

not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought soley in this district against the defendant.

(B)     That he further agrees, pursuant to Rule 11(e)(1)(A), Federal Rule of Criminal Procedure, to move the Court at the time of sentencing to dismiss counts one (1) and seven (7) of the second superseding indictment

(C)     That he further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, the defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of

6

the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(D)     Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C.§ 924(e)(2)(B)(i), based on any information provided by the

7

defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(E)     If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

8

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

In early 2004, the Macon Office of the D.E.A. and G.B.I. began an investigation of Solomon Daniels of Ashburn, Georgia. Information from confidential informants disclosed that Daniels was receiving kilogram amounts of cocaine from Florida and Atlanta, Georgia. The C.I. further revealed that Homer Dorsey, Christopher Moncell Hall and Ronald Earl Glover were being used by Daniels to transport and distribute the cocaine.

On April 1, 2005, law enforcement officers began to monitor and intercept calls made to and from a phone used by Solomon Daniels. On April 7, 2005, law enforcement officers monitoring Daniels' phone learned that Daniels had arranged to purchase one (1) kilogram of cocaine from Christopher Hall of Atlanta, Georgia. The wire intercept also revealed that Daniels had sent James Tuckes to Atlanta to obtain the cocaine for Hall.

As a result of these wire intercepts and surveillance by law enforcement officers, plans were made to stop Tuckes after he had obtained the cocaine from Hall. On April 8, 2005, Tuckes' vehicle was stopped in Crisp County, Georgia after its return from Atlanta. During the traffic stop, deputies from the Crisp County Sheriff's Office conducted a brief search to determine if Tuckes had any weapons. During the search, officers found 991 grams of cocaine which had been hidden inside Tuckes' pants.

The cocaine was sent to D.E.A. Crime Lab where it proved to be cocaine with a net weight of 991.8 grams.

It is further stipulated that for the purposes of relevant conduct under U.S.S.G. § 1B1.1, Defendant's sentence will be based on at least five hundred (500) grams but less than two 2 kilograms of cocaine.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 22 day of March, 2006.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

BY: _____

AUSA CHARLES L. CALHOUN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 102875

10

I, **CHRISTOPHER MONCELL HALL**, have read this agreement and had this agreement read to me by my attorney, **MICHAEL MALOOF** I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
**CHRISTOPHER MONCELL HALL**
DEFENDANT

I, **MICHAEL MALOOF**, attorney for defendant **CHRISTOPHER MONCELL HALL**, have explained the information and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
**MICHAEL MALOOF**
ATTORNEY FOR DEFENDANT

11

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2006 MAR 22  PM 12: 23

_____
DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **SUPERCEDING INFORMATION** |
| **v.** | : **CRIMINAL NO. 5:05-CR-36 (WDO)** |
| **CHRISTOPHER MONCELL HALL** | : **VIOLATION:  21 U.S.C. § 846 i/c/w** |
| | **21 U.S.C. § 841(a)(1)** |
| | **21 U.S.C. § 841(b)(1)(B)(ii)** |
| | **18 U.S.C. § 2** |

**UNITED STATES ATTORNEY CHARGES:**

## P L E A

I, **CHRISTOPHER MONCELL HALL**, having been advised of my Constitutional rights,
and having had the charges herein stated to me, plead _Guilty_ this
_22nd_ day of _March_, 2006.

X _Christopher M. Hall_
**CHRISTOPHER MONCELL HALL**
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ASSISTANT UNITED STATES ATTORNEY