IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | 5:07-CR-16 (WDO) |
| JASON WHITE, : | |
| : | |
| Defendant : | |

**ORDER**

Defendant Jason White is charged in Count Two of the indictment with distribution of cocaine in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). Defendant White has filed a motion to suppress in which he contends the Government failed to establish the reliability of the Confidential Informant used in the case. Defendant also contends that the recordings made during the course of the investigation were made in violation of the Fourth Amendment because they were made without Defendant's knowledge or consent. Defendant requested a hearing on his motion. This case originated from a joint investigation by the D.E.A. and the G.B.I. During the course of the investigation, law enforcement officers developed a Confidential Informant (C.I.) who indicated that he could buy cocaine from Anthony Walker by going through Lorenzo Jackson. On May 4, 2006, the informant contacted Lorenzo Jackson and arranged to purchase cocaine from Anthony Walker. The plan was for the C.I. and Jackson to travel to the Long Horn restaurant in Tifton, Georgia. Upon arrival at the restaurant, Jackson would call Walker who would deliver the cocaine. Jackson and the informant met as planned. However, after several phone calls between Jackson and Walker, Walker refused to deliver the cocaine. Instead, he directed Jackson and the informant to travel to the Classy 89 Hair Salon. Jackson and the

1

informant traveled to the hair salon where they were met by Defendant Jason White. During the meeting, Defendant White entered the C.I.'s car where he sold the informant one-quarter of a kilogram of cocaine. The informant was wearing a concealed recorder, provided by law enforcement officers, which captured his conversation with White while the buy was taking place. A video recorder placed in the informant's vehicle was used to capture the buy on video tape. Both the audio and video recorders were used with the knowledge and consent of the informant.

Defendant White contends that the audio and video surveillance and other evidence seized should be suppressed because he was not aware that he was being recorded. However, the Supreme Court has long recognized that recording conversations between a confidential informant and a suspect, with the consent of the informant, are not violations of the Fourth Amendment. United States v. White, 401 U.S. 745, 91 S. Ct. 1122 (1971). The Eleventh Circuit Court of Appeals has also recognized that government agents may consent to such recordings and it is not unlawful "for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication, or one of the parties to the communication has given prior consent to such interception." United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1460 (11th Cir. 1991) (citing 18 U.S.C. § 2511(2)). A "defendant has no justifiable expectation of privacy when he speaks with someone acting as a government informant, and is unaware that a recording device is concealed in the room. As long as one of the parties to a conversation knows of and consents to the recording, the Fourth Amendment is not violated when the government records the exchange and uses the evidence so gathered in a subsequent criminal prosecution." Id. at 1460-61 (citations omitted). Further, "[n]o warrant is needed when a government informant consents to the recording of a conversation in which he participates." Id. at 1461 (citation omitted).

When filing a motion to suppress, a defendant's arguments "must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (citations omitted). "In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing." Id. (citation omitted). Based on the well-established law in this area from the nation's highest court and this circuit's court of appeals, there is no merit to Defendant's argument that the evidence in question should be suppressed. The surveillance in question was conducted through the use of a Confidential Informant that was known and trusted by the officers, and Defendant failed to point to any evidence that the surveillance was in any way improper. Defendant also argued that the chain of custody for the evidence in this case should be questioned because the information provided by the Government does not sufficiently describe some of the evidence. However, Defendant failed to point any documentation, or lack thereof, or other type of evidence showing that the chain of custody should be questioned.[1] Finally, Defendant asserted that the Confidential Informant's reliability and veracity were not established in the discovery documents. Again, Defendant failed to present any argument or evidence to support this statement, and appears to have only presented this argument with the hope of discovering additional information that would potentially call into question the reliability

---

[1]The Court does note that one of the other defendants involved in this case, Leonard Royster, also filed a motion to suppress raising similar arguments. In response to that motion, the Government set forth in great detail how the evidence was taken and preserved. See Doc. 346, pp. 18-19. Nothing has been presented that contradicts this statement of facts, and thus there is no support for the argument that the chain of custody was not preserved.

of the informant.[2] This is not sufficient under this circuit's standard that a defendant's motion to suppress must be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. Defendant's motion does not allege facts which, if proven, would provide a basis for relief. The Court need not act upon Defendant's general or conclusory assertions founded on mere suspicion or conjecture, and therefore exercises its discretion to deny the request for a hearing. Defendant's motions to suppress (Doc. 272, 276) are DENIED and the request for a hearing is DENIED.

**SO ORDERED this 15th day of October, 2007.**


*s/ Hugh Lawson*
**HUGH LAWSON**
**UNITED STATES DISTRICT JUDGE**

cf

---

[2] The Court notes that the Confidential Informant identified by Defendant White, CI 80-672, was also discussed in great detail in the Government's brief in response to Defendant Royster's motion. Doc. 346, pp. 6-12. This informant provided information to the officers that he had been in recent contact with the individuals being investigated, and the information was corroborated by information obtained from other informants and other officers.